[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' COUNTERCLAIM
The plaintiff, S. Pope, Inc., brought this action alleging fraud, unfair trade practices and CUTPA violations against the defendants Pope Exterminating, Inc., Jonathan Pope, Control, Inc., Harold Pope, Margaret Pope and Southern New England Telephone Company ("SNET"), in a complaint filed on August 28, 1992. The following facts are taken from the plaintiff's complaint. Plaintiff S. Pope, Inc. is a corporation engaged in the business of pest control, lawn care and tree care. Defendants, with the exception of SNET, are also engaged in the family business of pest control.
Defendant Control, Inc. was first organized by defendants Harold and Margaret Pope in 1967, and provided pest control services. In 1981, a portion of the business was sold to their son Steven Pope, who then formed the plaintiff corporation S. Pope, Inc. The parents continued their pest control business and advertised under the names "Pope Pest Control Service, a division of Control, Inc." and "Harold L. Pope, owner of Control, Inc." Defendant Jonathan Pope worked for Control, Inc., as well as individually, advertising under the name "Pope, Jonathan Pest Control." In 1991, Jonathan organized the defendant corporation Pope Exterminating, Inc., and in 1992 bought all of the shares of Control, Inc. from his parents. He has since begun advertising CT Page 10001 under the name "Pope Exterminating" in advertisements in the Yellow Pages of defendant SNET.
The plaintiff has been advertising and promoting itself under the trade names "S. Pope", "Pope Exterminating" and "Exterminating by Pope" for over ten years. Plaintiff registered "S. Pope", "Pope Exterminating" and "Pope Pest Control" as tradenames in November of 1990. The plaintiff alleges that the defendants' advertising and promotion using the name "Pope" in various forms constitute fraud and unfair competition, as well as violating its trademark rights and CUTPA.
On October 6, 1992, the defendants Jonathan Pope and Control, Inc. filed an eight-count counterclaim. Counts one through five allege a violation of the Connecticut Trademark Statute, fraud, unfair trade practices, tortious interference, and breach of contract. On December 22, 1992, the plaintiff filed its answer and a special defense, asserting that an alleged agreement between S. Pope, Inc. and Control, Inc. limiting S. Pope, Inc. to a certain geographic area violates public policy and is void. On June 10, 1993, the plaintiff filed a second special defense, alleging that the defendant's counterclaims are barred by the applicable statute of limitations. The plaintiff then filed a motion for summary judgment with respect to the defendants' counterclaim on August 4, 1993, based on the running of the statute of limitations.
On August 27, 1993, the defendants filed an objection to the motion for summary judgment, asserting that the plaintiff's conduct constitutes a "continuing course of conduct," and therefore the statute of limitations does not begin to run until the conduct is completed. Defendants Jonathan Pope and Control, Inc. also withdrew counts six through eight, dealing with contract violations, leaving counts one through five at issue. Both parties provided a supporting memorandum of law addressing the statute of limitations issue.
Summary judgment is "designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried." Dowling v. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970). It is "applicable to counterclaims, so that any party may move for summary judgment on any counterclaim as if it were an independent action." United Oil Co. v. Urban Redevelopment Comm'n, 158 Conn. 364,376, 260 A.2d 596, 603 (1969). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of CT Page 10002 substantive law, entitle him to judgment as a matter of law." State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988), citing D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Id., 616.
In cases involving a statute of limitations, "[t]he trial court may grant summary judgment when the documents submitted in support of the . . . motion demonstrate that there is no genuine issue of material fact that the [counterclaim] is barred by the applicable statute of limitations." Shuster v. Buckley, 5 Conn. App. 473,477, 500 A.2d 240 (1985), citing Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Summary judgment is properly rendered only where the facts are not disputed and there appear "no countervailing circumstances impeding the normal application of the statute of limitations." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 14, 459 A.2d 115 (1983).
It is uncontested that both plaintiff and defendants have used the name "Pope" in various forms of advertising since at least 1983, and both were aware of each other's use since that time. This date is before the three-year statutes of limitations applicable to each of the defendant's remaining counterclaims. (General Statutes 52-577 for trademark, fraud, common law unfair trade practice and tortious interference; General Statute 42-110g(f) for CUTPA). The defendants seek to avoid the bar of the statute of limitations by asserting that the plaintiff's actions were a "continuing wrong" which prevented the statute from running.
"To support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong." Nardi v. AA Electronic Security Engineering, Inc., 32 Conn. App. 205, 212, ___ A.2d ___ (1993); citing Fichera v. Mine Hill Corporation, 207 Conn. 204, 209, 541 A.2d 472 (1988). "Where [the court] has upheld a finding that a duty continued to exist after the cessation of the act or duty relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Id. CT Page 10003
Although the defendants assert that the wrongful conduct has continued to this date, they have been aware of this conduct for almost a decade. The "continuing course of conduct" doctrine has been held inapplicable where the complainants "admit they were already aware of the problem." Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 162, 464 A.2d 18 (1983). Furthermore, to allow the defendants to now come forward and pursue these allegations in a counterclaim after knowing of the violations for almost a decade would violate the purpose of a statute of limitations, which "is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 174-75, 127 A.2d 814 (1956).
In the related area of federal trademark infringement, the doctrine of laches applies where a trademark owner has ignored a known infringer of his mark for a considerable length of time. See Polaroid Corp v. Polarad Electronics, Inc., 287 F.2d 492, cert denied 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). (Where both sides failed to press their claims after knowledge of facts, both are barred.) "[i]t cannot be equitable for a well-informed merchant with knowledge of a claimed invasion of right, to wait and see how successful his competitor will be and then destroy with the aid of a court decree, much that the competitor has striven for and accomplished — especially in a case where the most that can be said is that the trademark infringement is a genuinely debatable question." Id.
Finally, with regard to the CUTPA claim, the court has held that the running of the statute of limitations begins upon the occurrence of a CUTPA violation. Fichera v. Mine Hill Corporation, supra, 209-13 (finding "continuing course of conduct" doctrine inapplicable to CUTPA claim). There are no genuine issues of material fact in the present case. As a matter of law, the "continuing course of conduct" doctrine is inapplicable to prevent the bar of either statute of limitations at issue. (General Statutes 52-577 for trademark, fraud, common law unfair trade practice and tortious interference; General Statute 42-110g(f) for CUTPA). Accordingly, the plaintiff's motion for summary judgment is granted as to all of the counts of the defendants' counterclaim.
It is so ordered. CT Page 10004