[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff is the owner and operator of a restaurant in Monroe, Connecticut called "Roberto's" which has been in business since 1982. Until 1988, Oreste's Restaurant, Inc. ("Oreste") owned and operated "Oreste's Restaurant" on the first floor of the former Hi-Ho Shopping Center in downtown Bridgeport. In early 1988, Robert Mirafrore purchased Oreste and began operating a restaurant using the name "Roberto's". The current Roberto's moved to the People's Bank Building at 899 Main Street, Bridgeport in early 1994.
On October 25, 1988, an attorney representing Roberto's, Inc. wrote a letter to the attorney who represented Robert Mirafiore, stating that Mr. Mirafiore's use of the name Roberto's "is an infringement and usurpation of this property and I would ask that you advise him to terminate the use of the name Roberto's". On November 30, 1988, defendant's attorney responded to plaintiff's demand by inquiring as to the legal basis or authority upon which plaintiff based its claim. No evidence was introduced to show any response by plaintiff to this inquiry.
On January 31, 1994 the plaintiff registered the name "Roberto's" as a service mark with the Secretary of State of the State of Connecticut, in accordance with the provisions of Connecticut General Statutes § 35-11a et seq. (the "Act"). Thereafter, in April 1994 plaintiff commenced this action seeking to permanently enjoin defendants from using the name "Roberto's" without plaintiff's authorization.
Section 35-11i reads as follows: (a) Subject to the provisions of Section 35-11k, any person who (1) uses in Connecticut, without the consent of the registrant, any reproduction, counterfeit, copy or colorable imitation of a mark registered under this chapter in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is likely to cause confusion or to cause mistake or to deceive as to the source or origin of such goods or services.
The evidence introduced at trial did not prove that defendant's use of the name "Roberto's" caused confusion or resulted in or caused a mistake or was deceptive. The only evidence in this regard was the testimony of Luigi Giansanti, the CT Page 2456 President of Roberto's, Inc., and two employees, who testified that there have been instances when people have called for reservations and apparently would get the two restaurants confused. The confusion in this regard must be minimal as the Roberto's in Bridgeport serves only breakfast and lunch, Monday through Friday from 7:00 a.m. to 3:00 p.m. The plaintiff, Roberto's of Monroe, serves only dinner; Monday through Thursday from 4:00 p.m. to 10:00 p.m., Friday and Saturday from 4:00 p.m. to 11:00 p.m. The restaurants are not open at the same time, nor do they serve the same meals. The witness who testified to the confusion said that they did not keep a record of these calls or conversations. One of the plaintiff's employees testified of only one incident where a delivery was made to the wrong restaurant. The incident was quickly corrected with no monetary loss.
There was testimony, both from Mr. Giansanti and his employees, that customers often ask if Mr. Giansanti is the owner of both restaurants.
The restaurants are fifteen to seventeen miles apart. The Monroe restaurant is in a suburban setting. The Bridgeport restaurant is in the center of the business district in the downtown area.
This is not a situation where either party is trying to take advantage of the other. The physical structures are totally different. The sign marquees are different. The spelling of Roberto's is, of course, the same. However, defendants sign has more of a script-like style than the plaintiff's block like print sign.
The menus are different. The plaintiff serves dinner entrees, while the breakfast and lunch selections served by defendant are of an up-scale fast food variety.
The parties cater to a completely different clientele. The plaintiff testified that his customers are from all over Fairfield County, many of them repeat customers. The defendant, with no parking, serves only those who work in downtown Bridgeport, with the majority being employees of People's Bank who work in the building above the restaurant.
There is no claim that defendant is pirating plaintiff's customers, to the financial detriment of plaintiff. On the contrary, plaintiff testified that business has grown and prospered CT Page 2457 over the years. The number of seats in plaintiff's restaurant has grown from one hundred in 1982 to over one hundred and forty today.
Evidence was also introduced to show that Roberto's Monroe has received numerous awards from various restaurant critics.
On the issue of confusion, this court finds for the defendant.
The plaintiff claims that the current controversy arose when the defendant, in early 1994, relocated his restaurant to its current location and changed the name from Roberto's Pizza Restaurant to Roberto's Restaurant. In October 1988, plaintiff challenged defendant's use of the name Roberto's. The defendants' November 30, 1988 request for information as to the basis of plaintiffs' claim to the exclusive use of the name Roberto's was ignored by plaintiff. Defendant, therefore, had every right to believe that plaintiffs' claim to the exclusive use of Roberto's was a non issue. Defendants have spent a considerable amount of money on signs and menus promoting the name Roberto's. The doctrine of laches applies where a trademark owner has ignored a known infringer of his mark for a considerable length of time. S.Pope Inc. v. Pope Exterminating, et al, 8 CSCR 1288; Polaroid Corp.v. Polard Electronics, Inc., 287 F.2d F.2d 492.
Further, the court finds that the plaintiffs' claim is barred by the applicable statute of limitations, Conn. Gen. Stat. § 52-577. In this case it is uncontested that plaintiff and defendant, both used the name Roberto's, each with knowledge of the other's use since at least October 1988.
 "Furthermore, to allow the defendant to now come forward and pursue these allegations in a counterclaim after knowing of the violation for almost a decade would violate the purpose of a statute of limitations which is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution." S. Pope, supra.
The statute of limitations is neither tolled, extended nor reviewed by the registration of the name.
For the above reasons, judgment is rendered for the defendant.
So Ordered. CT Page 2458
Dated at Stamford, Connecticut this 12th day of March, 1996.
RICHARD J. TOBIN, JUDGE