71 N.J. Super. 101 (1961)
176 A.2d 266
LOUIS M. CARLINI, PLAINTIFF-APPELLANT,
v.
CURTISS-WRIGHT CORPORATION (WRIGHT AERONAUTICAL DIVISION), A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1961.
Decided December 13, 1961.
*102 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Albert L. Cohn argued the cause for appellant (Messrs. David & Albert L. Cohn, attorneys).
Mr. James E. Fagan argued the cause for respondent (Messrs. Yauch & Fagan, attorneys; Mr. Fagan and Mr. Frank J. Peterpaul, on the brief).
*103 The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiff Louis M. Carlini appeals from an order of the Superior Court, Law Division, which, on defendant's motion for summary judgment, R.R. 4:58, dismissed his complaint against his employer, defendant Curtiss-Wright Corporation (Curtiss). By said complaint plaintiff sought compensatory and punitive damages against said corporation as well as reinstatement in his job, from which he alleged he had been discharged unlawfully. In support of its motion defendant relied upon the pleadings and upon an affidavit and exhibits referred to therein while, in opposition thereto, plaintiff relied upon the complaint and his own affidavit.
Plaintiff had been an employee of defendant for a number of years prior to his discharge effective July 6, 1959. The complaint alleged that defendant breached its "collective bargaining contract" with Local 669, UAW (hereinafter union), of which plaintiff was a member, in that it discharged him without "just cause." The complaint further alleged that plaintiff "has duly sought the relief provided by the said collective bargaining contract and has exhausted all his remedies under the said collective bargaining contract." Damages, reinstatement, and payment of "back" wages were demanded on the theory that plaintiff was either a third-party beneficiary of the contract or that the union was his agent in executing it.
Plaintiff asserts in his brief on appeal that the "substantive issue involved in the cause is the legality of the discharge" of plaintiff from defendant's employ "for alleged excessive absenteeism." However, it is clear from an examination of the record before us that the true issue was whether plaintiff, on the allegations contained in the complaint herein, may maintain such an action against his corporate employer based on an alleged breach of his rights flowing from the collective bargaining contract existing between the employer and the aforesaid union.
*104 The aforesaid contract provides, inter alia, that "No employee shall be discharged without proper cause," and that all grievances from such alleged discharge "shall be handled only in accordance with the * * * procedure" therein specified. The stated procedure is a hearing before the labor relations manager whose decision, upon notice of appeal, is reviewable by the industrial relations manager. The decision of the latter is "final unless notice of appeal to the Umpire is filed by the Union * * * within fourteen (14) calendar days after the date" of the industrial relations manager's decision. Plaintiff's discharge was upheld by both the labor relations manager and the industrial relations manager. The union appealed the decision of the former and accepted the decision of the latter.
With the record before it revealing the foregoing, the trial court, as recited in its order from which the appeal is taken, concluded that "the pleadings, together with the affidavits submitted in support of and in opposition to the motion of the defendant show palpably that there is no genuine issue as to any material fact challenged and that plaintiff's complaint does not state a cause of action." The order directed the dismissal of the complaint. Paradoxically, the order further provided "that plaintiff is granted leave to apply to this court for permission to file an amended complaint in this cause." The order imposed limitation on the time for the making of such application and the time for the service of the notice of motion therefor and the documents in support thereof.
Apparently motivating the last mentioned portion of the aforesaid order was plaintiff's affidavit averring that the union "failed and refused to provide" him "with the protections to which" he was "entitled as a member of the union * * *," despite his repeated requests therefor, and characterizing the union's action as "discriminatory, willful, and arbitrary." Although not specifically so stating, the affidavit suggests the existence of a conspiracy between defendant and the union designed to terminate plaintiff's *105 employment without justifiable cause and to deny him the safeguards afforded by the collective bargaining contract. It charged that the union "collaborated with the defendant in breaching the contract" and also alleged that defendant "acted, together with the union, to breach" plaintiff's "rights under the contract. * * *"
Plaintiff elected not to apply for permission to "amend" his complaint and appealed to this court from the summary judgment aforesaid.
Plaintiff, in challenging the propriety of the trial court's action in granting judgment in favor of defendant upon the pleadings and affidavits, charges that such action was erroneous because of "the existence of numerous controverted issues of material fact." Assessment of justification for plaintiff's contention requires that in examining the record placed before the trial court on defendant's motion for summary judgment, we contrast the allegations contained in plaintiff's complaint with those presented in his affidavit in opposition to defendant's aforesaid motion. Moreover, the fact that plaintiff, as conceded on oral argument, deliberately refrained from availing himself of the opportunity to amend his complaint serves further to focus attention on the divergent allegations contained in the complaint and those contained in the aforesaid affidavit of plaintiff.
Following allegations that plaintiff was an employee of defendant and that an existing "collective bargaining contract" between defendant and the aforesaid union covered the terms of his employment, the complaint alleged that said contract provided that, absent proper cause, plaintiff should not be discharged from such employment; that the contract prescribed the procedure for prosecuting the asserted grievance of an employee; that plaintiff's aforesaid discharge was without "just" cause; that, despite demand therefor by plaintiff, defendant had "failed, neglected, and refused to reinstate" him "to his employment"; that "defendant has breached the provisions of paragraph 81 of the *106 aforesaid bargaining agreement [the provision barring discharge except for "proper cause"] and has unreasonably made its determination in the matter." Then followed an allegation that plaintiff had "exhausted all his remedies under the said collective bargaining contract, without success in obtaining reinstatement to his employment with the defendant"; and that because thereof he is entitled to compensatory damages, "reinstatement to employment with the defendant at the wages he was earning at the time of his wrongful discharge together with accumulative seniority and other benefits as provided for in the said collective bargaining contract," as well as payment of "full back pay * * * with interest." By a second count of the complaint plaintiff asserted defendant's actions "in discharging the plaintiff were malicious, intentional, wrongful, unlawful, and without proper or justifiable cause," and upon such allegation punitive damages were demanded. The third count of the complaint, after asserting that the aforesaid labor contract was made by the union "as agent of the plaintiff" and that the plaintiff was "entitled to all the provisions, benefits, protections, and rights contained in the said collective bargaining contract and which the defendant barred him from receiving," made the aforesaid demand for damages, reinstatement and the "payment of full back pay" with interest.
Defendant's answer admitted the employment, the existence and applicability of the "collective bargaining agreement"; alleged that plaintiff's discharge was "for proper cause" and not in violation of the provisions of the "labor contract"; that it acted within its rights in refusing to reinstate plaintiff; that "plaintiff's grievance relating to his discharge" was "processed in accordance with the provisions of said collective bargaining agreement," and that under the grievance procedure provided, defendant's discharge of plaintiff was "sustained and upheld" and plaintiff was bound thereby. It admitted that plaintiff had exhausted his remedies under the aforesaid bargaining *107 agreement. It denied that "it barred plaintiff from receiving any rights under the aforesaid labor contract" and asserted that "plaintiff has received all benefits, rights and protection to which plaintiff was entitled under the labor contract on which plaintiff relies." Defendant further pleaded affirmative defenses which included a detailed outline of the grievance procedure under the aforesaid contract; the exclusive nature of such procedure; the prosecution of the grievance under the contract provisions, the resultant decision adverse to plaintiff, which decision specifically sustained defendant's action in discharging plaintiff; and the finality of the determination thereunder. Among the affirmative defenses pleaded in the answer was an allegation that plaintiff's grievance, "at the review step of the Discharge Grievance Procedure," was processed as provided in the aforesaid agreement; that "the decision of the employer's representative, dated October 14, 1959, sustained the discharge of plaintiff as proper"; that said decision "was accepted by the Union bargaining agent on October 16, 1959," and that "no notice of appeal to the Umpire was filed within the time limits provided in the contract." Defendant then alleged that the "aforementioned decision made by the defendant's representative in the review step of the Discharge Grievance Procedure is final and binding" on plaintiff.
On its motion for summary judgment aforesaid, defendant presented the affidavit of its industrial relations manager, incorporating exhibits, including the notice of discharge given to plaintiff, the outline of the various steps under the grievance procedure and the union's acceptance, on October 16, 1959, of the industrial manager's decision at the "review step" specified in the contract.
We find that the trial court properly granted defendant's motion for summary judgment. In reaching that conclusion we do so on the basis that plaintiff was unjustified in seeking to rest his resistance to defendant's motion for summary judgment on averments in his answering *108 affidavit which were not supportive of the allegations of his complaint. A completely new alleged cause of action was presented through the medium of plaintiff's affidavit. There was no charge in the complaint that the union's actions were "discriminatory, willful and arbitrary" and that it demonstrated "arbitrary and willful indifference" to plaintiff's "rights as a [u]nion member" in failing "to insist upon arbitration" of his discharge. The complaint was devoid of any allegations that defendant and the union unlawfully or improperly collaborated, to the detriment of plaintiff, in depriving him of his rights under the bargaining agreement aforesaid. Those allegations were outside the scope of the complaint and bear no true relationship to the issue framed by the pleadings.
Plaintiff's attempt to rest his opposition to defendant's motion for summary judgment on allegations in his affidavit, which are foreign to the issue presented by the pleadings and not supportive of the allegations of the cause of action set forth in the complaint, is rejected. Affidavits are not pleadings. Plaintiff will not be permitted by the submission of such an affidavit as was here presented, to expand the scope of the cause of action he asserted in his complaint, or, as he has here done, to present an entirely new cause of action. Plaintiff was given an opportunity to amend his complaint. He elected not to avail himself thereof. He chose to rest on his original complaint and affidavit. To do so was his privilege, but that election did not give him the right, through the medium of the filed affidavit setting forth new allegations, to contend that, because of the content of the affidavit, "genuine issues of material fact" were raised. His conclusion, based on the aforesaid affidavit, that the particular issue raised was "whether the defendant employer and the plaintiff's collective bargaining representative had acted in bad faith and in unlawful collaboration in processing his grievance concerning the discharge," is not justified.
*109 The objective of the pertinent rule controlling motions (R.R. 4:58) for summary judgment would be impossible of attainment if approval were given to the course of action here pursued by plaintiff. R.R. 4:58-6 provides that supporting and opposing affidavits "* * * shall set forth only facts which are admissible in evidence * * *." Necessarily, therefore, the affidavits must be limited to the allegations of the complaint and answer. They cannot, as attempted here, raise new claims under the guise of fortifying the complaint.
At the time of the trial court's consideration of the motion for summary judgment the court had before it the pleadings, together with the affidavit and exhibits presented by the movant, which material demonstrated the absence of any breach of the bargaining agreement. It then became incumbent upon plaintiff to produce "competent evidential material that a genuine issue of material fact" existed. New Jersey Mortgage & Investment Corp. v. Calvetti, 68 N.J. Super. 18, 32 (App. Div. 1961); Heljon Management Corp. v. Di Leo, 55 N.J. Super. 306, 312 (App. Div. 1959); Robbins v. Jersey City, 23 N.J. 229, 241 (1957). Excluding plaintiff's affidavit for the reasons heretofore expressed, it is clear that he did not meet the duty imposed on him to "`go forward with controverting facts'" (Heljon, supra, 55 N.J. Super., at p. 313), which failure precluded any action other than the entry of the summary judgment aforesaid.
In view of the foregoing conclusion we find it unnecessary to resolve the other points raised by plaintiff on the appeal.
The judgment of the trial court is affirmed.