## LAWRENCE R. SHUSTER *v.* FRANCIS M. BUCKLEY (2980)

SPALLONE, HAMMER and SATTER, Js.

Argued September 19—decision released November 12, 1985

*Lawrence R. Shuster,* pro se, the appellant (plaintiff).

*Robert L. Wyld,* with whom, on the brief, was *Alan E. Lieberman,* for the appellee (defendant).

HAMMER, J. The plaintiff has taken this appeal, pro se, from the granting by the trial court of summary judgment for the defendant after its finding that there was no genuine issue of material fact that the plain-

tiff's action was barred by the three year statute of limitations for tort actions. See General Statutes § 52-577.[1]

The plaintiff commenced this action for legal malpractice, pro se, on July 20, 1979. On November 11, 1980, he filed a revised complaint alleging that he had retained the defendant as his attorney on October 17, 1975, for the purpose of representing him in certain criminal matters which were then pending against him. The plaintiff alleged that the defendant was "negligent in his duties as an attorney" principally by his failure to file a motion to withdraw the plaintiff's guilty plea prior to sentencing. He further alleged that the defendant's failure to perform the duties for which he had been retained resulted in the imposition of a sentence which included a period of incarceration followed by probation, causing him embarrassment, emotional distress and the disruption of his professional studies.

On May 11, 1981, the defendant filed his answer and alleged by way of special defense that the action was barred by the statute of limitations. On July 31, 1981, counsel entered an appearance for the plaintiff, and closed the pleadings by filing a reply dated April 19, 1982, in which he denied the defendant's special defense. On May 3, 1983, the defendant moved for summary judgment on the ground that the plaintiff's action sounded in tort and was governed by the limitation period set forth in § 52-577 of the General Statutes.

The affidavit filed by the defendant in support of his motion included the following facts which are undisputed. The plaintiff, who was then represented by a public defender, pleaded guilty on October 17, 1975, to a charge of forgery in the second degree in violation of General Statutes § 53a-139 (a) (2). The

---

[1] "[General Statutes] Sec. 52-577. ACTION FOUNDED UPON A TORT. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

defendant was thereafter retained by the plaintiff and represented him on December 19, 1975, at a hearing which resulted in the imposition of a sentence of one year, execution suspended after three months, and two years probation. The defendant made no attempt to withdraw his client's guilty plea at any time prior to the date of sentencing or before the expiration of the statutory appeal period thereafter. The defendant's motion to stay the execution of his commitment until July 21, 1976, was subsequently granted by the court. On December 16, 1977, the defendant filed a motion to withdraw the plaintiff's guilty plea which was denied on May 19, 1978. The court also granted the defendant's motion to withdraw as counsel for the plaintiff on that date.

The plaintiff's counter-affidavit contradicts the defendant's assertion that he was retained solely to represent him at the sentencing hearing. The plaintiff states that it was always his intention to withdraw his plea of guilty and to proceed to trial. He further states that the defendant repeatedly assured him after the date of sentencing that he would withdraw the guilty plea at some future date and that these assurances were the basis of his continuing representation of the plaintiff until May 19, 1978.

On November 2, 1983, the trial court granted the defendant's motion for summary judgment on the ground that the complaint alleged negligence by the defendant rather than the breach of a contractual duty as claimed by the plaintiff, and that § 52-577 was therefore the applicable statute of limitations. The court also concluded that "the act or omission complained of" within the meaning of the statute occurred no later than December 19, 1975, the date of the imposition of sentence.

The trial court subsequently granted the plaintiff's motion for reargument and conducted a further hearing on January 11, 1984. On that date, the plaintiff claimed for the first time that he had filed a reply to the defendant's special defense of the statute of limitations, pro se, in May, 1981, alleging fraudulent concealment. He also moved the court for leave to amend his complaint to allege a second count sounding in contract.

On January 18, 1984, the court reaffirmed its earlier decision. It concluded that the pro se reply, claimed to have been filed in 1981, was not filed until after the court's original ruling on the motion for summary judgment. It noted further that counsel for the plaintiff informed the court upon reargument that he had not been previously informed by his client that the plaintiff filed any such pleading or that he had expressed his intention to raise the issue of fraudulent concealment at any time. The court also sustained the defendant's objection to the plaintiff's motion to amend his complaint.

The plaintiff's principal claims on appeal[2] are that the trial court erred in concluding (1) that § 52-577 is the applicable statute of limitations and (2) that the act or omission complained of occurred no later than the sentencing date. He also argues that the court erred in denying his motion to amend and in rejecting his claim that he had properly pleaded fraudulent conceal-

---

[2] The defendant has properly directed our attention to the plaintiff's failure to comply with the basic rules of appellate procedure and asks that we decline to review his claims because they have not been adequately presented. This apparent disregard of our rules would ordinarily justify such a summary disposition. See *Verrastro* v. *Sivertsen*, 188 Conn. 213, 218, 448 A.2d 1344 (1982). Nevertheless, in accordance with our liberal policy in cases where an appellant is not represented by counsel, we have carefully considered his claims to the extent that they are fairly presented, or at least, reasonably discernible, upon the record before us. See *Vitale* v. *Crocco*, 1 Conn. App. 184, 185, 469 A.2d 793 (1984).

ment in response to the defendant's special defense prior to the closing of the pleadings and the court's decision on the motion for summary judgment.

The trial court may grant summary judgment when the documents submitted in support of the defendant's motion demonstrate that there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations. *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984). Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed. See *Lopez* v. *United Nurseries, Inc.,* 3 Conn. App. 602, 605, 490 A.2d 1027 (1985).

A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period. *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 14, 459 A.2d 115 (1983). Affidavits are not pleadings, however, and a plaintiff cannot, under the guise of fortifying the complaint, present an entirely new cause of action or expand the scope of his cause of action by means of a counter-affidavit. *Carlini* v. *Curtiss-Wright Corporation,* 71 N.J. Super. 101, 108, 176 A.2d 266 (App. Div. 1961). The issue must be one which the party opposing the motion is entitled to litigate under his pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment. See *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 378–79, 260 A.2d 596 (1969); see generally 73 Am. Jur. 2d, Summary Judgment § 27.

Where the complaint alleges legal malpractice based on negligence, the tort statute of limitations applies. *Nickerson* v. *Martin,* 34 Conn. Sup. 22, 25, 374 A.2d

258 (1976); see also *Klock* v. *Lehman Bros. Kuhn Loeb, Inc.*, 584 F. Sup. 210, 219 n.15 (S.D.N.Y. 1984). Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services. *Family Savings and Loan, Inc.* v. *Ciccarello*, 207 S.E.2d 157, 160 (W. Va. 1974). The plaintiff's revised complaint is couched in the language of tort rather than contract and we find no merit in his claims to the contrary.

The plaintiff also argues that his complaint alleges a course of continuing negligent conduct on the part of the defendant subsequent to the imposition of sentence. He attempts to distinguish his claim of negligence from those unsuccessfully made by the plaintiff in *Robbins* v. *McGuinness*, 178 Conn. 258, 261, 423 A.2d 897 (1979), where the court held that the defendant's allegedly negligent title search was a completed act which occurred on or before the date of the closing of title.

In order to toll the statute of limitations by reason of continuing tortious conduct, the plaintiff must allege in his complaint or present facts which reasonably support an inference of a continuing breach of duty by the defendant. *Bartha* v. *Waterbury House Wrecking Co.*, supra, 13. The negligent performance of a professional duty or the failure to perform it must be distinguished, however, from the consequences that result from such act or omission and which are claimed by way of damages. *Anderson* v. *Sneed*, 615 S.W.2d 898, 901 (Tex. Civ. App. 1981).

The plaintiff's complaint alleges that the defendant's duty was to do whatever was necessary for his vindication. His counter-affidavit asserts that he sought to withdraw his prior plea of guilty so that he could pro-

ceed to trial. These ends could be accomplished, if at all, only prior to the imposition of sentence. Where a defendant, upon the negligent advice of counsel, submits to sentencing, the statute of limitations begins to run from that date. *Mullins* v. *Belcher,* 284 S.E.2d 35 (Ga. 1981). There was no error in the court's conclusion that the act or omission complained of occurred no later than the date on which the plaintiff was sentenced.

The plaintiff's claim that the court erred in refusing to allow him to amend his complaint after the motion for summary judgment had been granted is also without merit. The trial court's refusal to allow a belated amendment to a pleading in response to the filing of a motion for summary judgment by the adverse party will be sustained unless there is clear evidence of an abuse of discretion. *Conference Center Ltd.* v. *TRC,* 189 Conn. 212, 216–17, 455 A.2d 857 (1983). Where, as here, the motion was filed after the court had already ruled in favor of the defendant on its summary judgment motion, its action was clearly justified.

The plaintiff's final claim relates to the pleading he allegedly filed by way of a reply to the defense of the statute of limitations. The general rule is that parties are bound by the procedural acts of their counsel. *Varley* v. *Varley,* 189 Conn. 490, 493, 457 A.2d 1065 (1983). The filing of the reply by his attorney may be assumed to have been authorized by the plaintiff. See *Allen* v. *Nissley,* 184 Conn. 539, 542–43, 440 A.2d 231 (1981). An attorney of record has implied authority to do everything necessary in the course of an action and his acts are binding upon the client. 7 Am. Jur. 2d, Attorneys at Law § 149.

There is no error.

In this opinion the other judges concurred.