[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Robin and Bruce Minkoff, filed a revised complaint, dated October 6, 1993, against the defendants, Lucille Faranda and Flora Shufeldt. The facts as alleged in the complaint are as follows: On October 10, 1991, the plaintiff, Robin Minkoff was walking along the sidewalk adjacent to Hope Street. Faranda was driving south on Hope Street. Shufeldt was driving east on Bouton Street, proceeded through a stop sign, and turned south onto Hope Street. Faranda's vehicle struck Shufeldt's vehicle, whereupon the two vehicles remained in contact, swerved off the road, and Shufeldt's vehicle struck Minkoff.
On October 12, 1993, Shufeldt filed a one count cross complaint alleging negligence against Faranda. Faranda filed her answer and special defense to Shufeldt's cross complaint on April 18, 1994. Faranda's second special defense alleges that Shufeldt's cross complaint is untimely as it was not commenced within two years of the act or injury.
On April 26, 1994, Faranda file a motion for summary judgment on the cross complaint on the ground that it .was not brought CT Page 12761 within the time period permitted by the statute of limitations. Faranda also filed a supporting memorandum of law and an affidavit from her attorney attesting that he did not receive the cross complaint until March 30, 1994. On October 6, 1994, Shufeldt filed a memorandum in opposition to Faranda's motion for summary judgment.
"[A]ny party may move for summary judgment upon any . . . cross complaint as if it were an independent action." Practice Book § 379. "Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and' any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id.
Faranda argues that the cross complaint needed to have been brought by October 9, 1993, and Shufeldt failed to bring the action within the two years allowed by General Statutes §52-584. shufeldt [Shufeldt] maintains that the cross complaint was properly filed within the time allowed by the statute of limitations.
Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations. Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted; citations omitted.) Schuster v.Buckley, 5 Conn. App. 473, 477, 500 A.2d 240 (1985); see also Engman v. Laschever, Superior Court, judicial district of Hartford/New Britain, Docket No. 513197 (January 21, 1994, Hennessey, J.). Practice Book § 405 provides that [i]f CT Page 12762 the last day for filing any matter in the clerk's office falls on a day on which such office is not open as thus provided . . . then the last day for filing shall be the next business day upon which such office is open." Small v. South Norwalk SavingsBank, 205 Conn. 751, 757, 535 A.2d 1292 (1988); see also General Statutes § 51-347c.
Faranda argues that the certification on the cross complaint is dated October 12, 1993, and that that date falls outside of the last date permitted for filing under the statute of limitations. Faranda further argues that her counsel did not receive the cross complaint until March 30, 1993, which is still farther outside the time allowed by General Statutes §52-584. Shufeldt contends that the cross complaint was mailed on October 8, 1993, and received by both the clerk's office and the plaintiff on October 12, 1994. Moreover, Shufeldt maintains that October 9, and 10 fell on a weekend, while October 11, 1993, was Columbus Day, a legal holiday upon which the clerk's office is closed, thereby making October 12, 1993, the last day for filing.
"Whether to take judicial notice of a fact is a function of the exercise of judicial discretion." Pie Plate, Inc. v.Texaco, Inc[.], 35 Conn. App. 305, 316, 645 A.2d 1044
(1994). Therefore, the court takes judicial notice that October 11, 1993 fell on Columbus Day. With October 9, 1993, falling on a Saturday, the weekend and the holiday made October 12, 1993, the last day for filing the cross complaint pursuant to General Statutes § 52-584. The action was brought upon filing the action with the court, which occurred on October 12, 1993. Furthermore, the date the cross complaint was received by Faranda's counsel is immaterial to establishing the date when the action was brought. Accordingly, Faranda's motion for summary judgment on Shufeldt's cross complaint is denied.
D'ANDREA, J.