[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#124)
CT Page 3083
By a three count amended complaint dated May 24, 1993, the plaintiff, Deborah Benn, as parent and guardian, brought this action on the behalf of the minor plaintiff Tommie Benn, against the defendants Playskool, Inc. (Playskool), Hasbro, Inc., Hasbro International, Inc., and Group Four, Inc. (Group Four). In count one the plaintiffs allege that on or about October 22, 1984, Deborah Benn, as parent and guardian of Tommie Benn, executed a license agreement giving the defendants permission to use certain photographs of Tommie Benn for a period of twelve months in connection with a product known as the "My Little Buddy" doll. The plaintiffs allege that the defendants used, and have continued to use, the photographs beyond the twelve month license period in violation of the license, which has resulted in financial loss to the plaintiff, Tommie Benn.
In count two, the plaintiffs further allege that on various dates from October 22, 1985, to the present, the defendants have appropriated the likeness of the plaintiff Tommie Benn, without his permission, for their commercial benefit, causing him to suffer harm to his interest in privacy. As a result, the plaintiffs allege that Tommie Benn has suffered, and continues to suffer, mental distress. Finally, in count three, the plaintiffs allege that the invasion of privacy by the defendants constitutes a reckless indifference to, or an intentional and wanton violation of, the rights of the plaintiff Tommie Benn.
In its answer dated August 11, 1992, Group Four asserted the following special defenses: as to count one (1) that the statute of limitations, General Statutes § 52-576, bars the cause of action, and (2) accord and satisfaction; and as to counts two and three (1), laches; (2) waiver; and (3) that the statute of limitations, § 52-577, bars the cause of action.
On September 10, 1993, Group Four filed a motion for summary judgment, along with a memorandum of law, a copy of the licensing agreement, a copy of the sheriff's amended return and an affidavit by Lynn Moores, Director of Graphic Designs/Toys for Group Four. The plaintiffs filed a memorandum of law in opposition to the motion for summary judgment on November 14, 1994, along with an affidavit by Deborah Benn.
Pursuant to Practice Book § 384, summary judgment shall be CT Page 3084 granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law..'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Citations omitted.) Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984); Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980).
In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). In deciding a motion for summary judgment the trial court may consider affidavits and any other proof submitted by the parties, in addition to the pleadings. Pepe v.City of New Britain, 203 Conn. 281, 285-86, 524 A.2d 629 (1987).
1. Statute of Limitations
Group Four argues that the first count of the plaintiffs' complaint, alleging breach of contract, is barred by the statute of limitations, § 52-576, which requires that a cause of action for breach of contract be brought within six years of the date on which the cause of action accrued.
Summary judgment may be granted where it is clear that a claim is barred by a state of limitations. Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Citations omitted; Internal quotation marks omitted.) Schuster v. Buckley,5 Conn. App. 473, 477, 500 A.2d 240 (1985); see also Muchler v.Sokolowski, Superior Court, Judicial District of Hartford/New Britain, Docket No. 381804 (January 13, 1994, Sheldon, J.) (stating that "when the materials submitted in support of a defendant's motion for summary judgment incontrovertibly establish all the essential elements of his statute-of-limitations defense, his motion for summary judgment must be granted"). CT Page 3085
The plaintiffs and Group Four agree that the statute of limitations applicable to count one of the plaintiffs' complaint for breach of contract is § 52-576. Nevertheless, there is no agreement by the parties as to the date, or dates, of the defendant's alleged wrongful conduct. The plaintiffs allege in their complaint that the defendants used, and continue to use, the photograph of the plaintiff beyond the twelve month license period. In an affidavit submitted by Group Four, Lynn Moores, Director of Graphic Design/Toys, Group Four, attests that "[t]he packaging material with the photographic image of Tommie Benn was first published and placed in circulation in or about April, 1985." In her affidavit, the plaintiff, Deborah Benn, attests that "I first became aware of utilization subsequent to October 22, 1985 of my son's photograph by the defendants in connection with a product known as the "My Little Buddy" doll in 1988 and 1989."
A genuine issue of material facts exists as to the date of the alleged wrongful conduct by the defendants, and therefore, summary judgment is denied as to count one of the plaintiffs' complaint on the ground of statute of limitations. See Schuster v. Buckley, supra, 5 Conn. App. 477.
Similarly, Group Four argues that the plaintiffs' tort claims, counts two and three, are also barred by the statute of limitations, § 52-577, which requires that a cause of action be brought within three years of the date of the act or omission. As discussed above, a genuine issue of material fact exists as to the date of the defendants' alleged wrongful conduct. See Schuster v.Buckley, supra, 5 Conn. App. 477.
Accordingly, summary judgment is denied as to counts two and three on the ground of statute of limitations.
2. Surrender or waiver of privacy interest
Group Four argues that summary judgment should be granted as to counts two and three of the plaintiffs' complaint, alleging claims for invasion of privacy, because the plaintiff, Deborah Benn, surrendered or waived her son's privacy interest by allowing him to be posed as a model, and by granting a license for the use of his photograph. Accordingly, Group Four contends that the plaintiff cannot "make out" all the elements needed for a claim of tortious invasion of privacy by misappropriation of likeness.
The existence of a cause of action for invasion of privacy has CT Page 3086 been recognized in Connecticut. Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107, 448 A.2d 1317 (1982); see also Venturi v. Savitt, Inc., 191 Conn. 588, 468 A.2d 933 (1983). There are four categories of invasion of privacy: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life; and (4) publicity that unreasonably places the other in a false light before the public. Id., 591.
Group Four relies on Venturi, for the contention that "a necessary element of the misappropriation of likeness cause of action is that plaintiff never gave the defendant a license to use the plaintiff's likeness." In Venturi, the plaintiff, a professional golfer, had posed at a GHO with William Savitt, the president and founder of the defendant. Id., 589. The plaintiff brought an action against the defendant for invasion of privacy. wherein he alleged that years later the defendant used the plaintiff's photograph as part of an advertisement, and claimed that the acts of the defendant were malicious. Id., 598-90. While the court in Venturi did acknowledge the existence of a cause of action for invasion of privacy based upon appropriation of another's name or likeness, the court did not indicate that a necessary element to the cause of action is that the plaintiff never gave the defendant a license to use the plaintiff's likeness. Accordingly, Group Four's reliance on Venturi is misplaced.
Furthermore, Group Four has failed to provide any authority for its contention that the use of Tommie Benn's photograph beyond the period of the license agreement "cannot constitute an invasion of the subject's privacy where plaintiff posed her son for the photograph expressly so that it might be used in commerce."
Accordingly, the motion for summary judgment as to counts two and three on the ground that Tommie Benn's right to privacy was surrendered by the granting of the license agreement is denied.
3. Preemption
Group Four further argues that summary judgment should be granted as to the plaintiffs' tort claims, counts two and three, because they are preempted by federal copyright law, which Group Four contends is the plaintiffs' "exclusive remedy for the plaintiffs' claim of misappropriation of likeness." The plaintiffs argue that their claim of invasion of privacy by misappropriation has not been preempted by federal copyright law. CT Page 3087
Specifically, 17 U.S.C. § 301 provides in pertinent part that:
 (a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
 (b) Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to . . .
 (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . .
With regard to preemption, the court in Mayer v. JosiahWedgewood Sons, Ltd., 601 F. Sup. 1523, 1533 (S.D.N.Y. 1985), recognized that while § 301 preempted state law as to rights equivalent to copyright, it specifically preserved nonequivalent state law rights. The court stated that "[s]ection 301 as enacted describes the preempted rights generically, that is, as those rights equivalent to copyright. Earlier drafts of § 301, however, contained examples of the types of actions that § 301 did not aim to preempt." (Internal quotation marks omitted.) Id. The court further stated that "[a]t the time it was submitted to the House, § 301(b)(3) preserved state law actions pertaining to activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106, including rights against . . . invasion of privacy . . . ." (Internal quotation marks omitted.) Id., citing to Copyright Law Revision, H.J.R. Rep. No. 1476, 94th Cong., 2d Sess. 24 (1976). The court also stated that "it seems that no inference as to Congress's intent may be drawn from the fact that the illustrative list was dropped from the statute as it finally ' was enacted." Id. CT Page 3088
Similarly, with regard to federal copyright law preemption and a claim of invasion of privacy, § 1.01[B][1][c] of Nimmer onCopyright states that "[i]nvasion of privacy may sometimes occur by acts of reproduction, distribution, performance or display, but inasmuch as the essence of the tort does not lie in such acts, preemption should not apply." M. Nimmer D. Nimmer, 1 Nimmer on Copyright, § 1/01[B]1][c] (1994); see also Jarvis v. A M Records,827 F. Sup. 282, 297 (D. N.J. 1993) (stating that "[t]he Copyright Act does not preempt claims based on the appropriation of unfixed, non-copyrightable items such as a plaintiff's voice or likeness");James v. Delilah Films, Inc., 144 Misc.2d 374, 544 N.U.S.2d 447, 450 (Sup.Ct. 1989) (stating that the "[l]egislative history of17 U.S.C. § 301 affirms that among the rights preserved by state law are actions pertaining to invasion of privacy").
Accordingly, the plaintiffs' claim for invasion of privacy is not preempted by federal copyright law, and therefore, summary judgment is denied on that ground.
4. Evidence of "evil motive"
Group Four argues that it is entitled to summary judgment as to the third count of the plaintiffs' complaint alleging intentional and wanton violation of Tommie Benn's right of privacy because there is no evidence of "evil motive" or of a "wanton and malicious injury.[1]
Summary judgment is inappropriate "where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings." Dinnis v. Roberts, 35 Conn. App. 253,261, 644 A.2d 971 (1994); see also Batick v. Seymour,186 Conn. 632, 646-47, 538 A.2d 1031 (1988).
The existence of an "evil motive" or of a "wanton and malicious" injury is not an appropriate issue for summary judgment. See Dinnis v. Roberts, supra, 35 Conn. App. 261.
Accordingly, summary judgment is denied as to counts two and three of the plaintiffs' complaint.
5. Laches
Group Four argues that the plaintiffs' claim for equitable relief is barred by the doctrine of laches. Group Four claims that its use of the photographic image of Tommie Benn was open and CT Page 3089 notorious, and therefore, the plaintiffs' delay in bringing an action is inexcusable. Group Four claims it has suffered injury by the delay because if the plaintiffs had asserted their claim earlier the defendants could have corrected any defect, and minimized the harm resulting from their use of Tommie Benn's photograph in their packaging.
"A party may . . . be barred from seeking equitable relief by the defense of laches, which applies only if there has been an unreasonable, inexcusable and prejudicial delay in bringing suit. A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law . . . . Delay alone is not sufficient to bar a right; the delay in bringing suit must be unduly prejudicial." (Citations omitted; internal quotation marks omitted.) Seymour Housing Authority Tenants v. Housing Authority,18 Conn. App. 393, 405, 558 A.2d 1002 (1989); see also Robinson v.Myers, 156 Conn. 510, 519, 244 A.2d 385 (1968).
Group Fours' motion for summary judgment on the ground of laches is denied because Group Four has failed to allege facts that require the court to inevitably conclude, as a matter of law, that there has been an unreasonable, inexcusable and prejudicial delay by the plaintiffs' in bringing this action. See Seymour HousingAuthority Tenants v. Housing Authority, supra, 18 Conn. App. 405.
KARAZIN, J.