[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs allege, in a two Count complaint, professional malpractice (Count 1) and breach of contract (Count 2). The Counts each incorporate the eleven paragraphs of the introductory statement, captioned "General Allegations."
The substance of the general allegations are that the defendants, attorneys, rendered legal representation for them in connection with the real estate closing of the property which they purchased at 21 West Normandy Drive, West Hartford, Connecticut. The Counts are indistinguishable, other than to claim in Count one that the alleged failure of the defendants constitute legal malpractice and in Count two that the same activity constitutes breach of contract.
The final act, recording of the deed, took place on June 26, 1989.
The closing took place on July 24, 1989. This action was commenced by service of process on March 24, 1994. The alleged failure of the defendants is claimed to be a failure to advise CT Page 371 the plaintiffs that the property which they intended to purchase was partially located in a flood hazard area. It is claimed that the house is now sinking and is experiencing structural failure because of the unstable subsoil conditions.
 I.
The defendants have pleaded the three year statute of limitations, General Statutes Section 52-577 as a special defense to the plaintiffs' claims, and now move for summary judgment on that basis.
The principles covering these two claims are controlled by the Appellate Court cases of Shuster v. Buckley, 5 Conn. App. 473
(1985) as reaffirmed by the case of Sanborn v. Greenwald,39 Conn. App. 289 (1995).
 Where the complaint alleges legal malpractice based on negligence, the tort statute of limitations applies.
 Shuster v. Buckley
supra, 473, 477 (1985)
 Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though he also alleges that he retained him or engaged his service.
 Shuster v. Buckley
supra, p. 478
The case of Robbins v. McGuinness, 178 Conn. 258 (1979) does not necessarily support the plaintiffs' contentions. The case does not specifically address the issue as concerns the appropriate statute of limitations, but rather merely holds that in said action the statute of limitations would have expired even if a six year statute was applicable.
A plaintiff may prevail under circumstances where it is alleged and can be proven that the professional agreed to accomplish a special undertaking, above and beyond the normal duty to perform the customary tasks of the endeavor with due care. See Barnes v. Schlein, 192 Conn. 732, 736 (1984).
The pleading of the statute of limitations cannot prevail if CT Page 372 the plaintiff can ultimately support, by direct testimony or by inference from proven facts, a special undertaking. If so, the six year statute of limitations would not have expired. Further the three year statute of limitations is pleaded against the entire complaint. If in fact the defendant is of the opinion that the plaintiff has not asserted a cause of action in the pleadings in the second count, the proper procedure to address that claim is through practice book section 102. However, for the purposes of this motion if the complaint survives a general pleading of the statute of limitations then the motion for summary judgment cannot be granted.
 III.
The plaintiff contends that they may prevail on the basis of fraudulent concealment of the negligence cause of action. Fraudulent concealment of a cause of action may toll the statute of limitations. The defendant claims that the plaintiffs have produced no evidence to conclude that there was such concealment. However, assuming that the plaintiffs have a cause of action in the first instance arising out of failure to initially discover and advise of the location of the property in a flood plain, and assuming that the defendants had a duty to advise as to a necessity for a pre-closing examination, as is alleged by the attorney disclosed by the plaintiffs as their expert, then the question of fraudulent non-disclosure may be appropriate.
The viability of the defense of fraudulent non-disclosure, as against the statute of limitations, would depend upon the date-time at which knowledge of facts giving rise to the potential claim came to the attention of the defendants. The plaintiffs have no realistic way of knowing the earliest date when that would have occurred Such knowledge is often known only to the person against whom such claim is proffered.
The court notes that the defendants, whom it would be expected would have actual and probably exclusive knowledge of that state of affairs, have not addressed that subject int he information submitted in support of his motion. The exclusivity of that knowledge by the defendants cannot be held to be such as to preclude the plaintiffs through deposition, discovery, or testimony at trial, from being able to pursue that claim in avoidance of the proffered defense to the statute of limitations.
The burden of proof is on the moving party to show the CT Page 373 absence of any genuine issue as to all the material facts.Michaud v. Gurney. 168 Conn. 43I, 433 (1975). The defendants' affidavit does not address the question of when the defendants first became aware of the property being located in the flood hazard zone. The defendants have not sustained their burden of demonstrating that no genuine issue as to any material fact exists as concerns the first count of the complaint.
The motion for summary judgment is denied.
L. Paul Sullivan, J.