[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
On September 11, 1994, the plaintiff, Lori Stingone, allegedly fell while on the premises of the defendant Elephant's Trunk Flea Market. On September 11, 1996, the plaintiff delivered the original writ of summons and complaint to Sheriff Albert W. Caliendo for the purpose of effectuating service upon the defendants Elephant's Trunk Flea Market and Ideational Hybrid Corporation. On September 15, 1996, Sheriff Caliendo served process on the defendant Ideational Hybrid Corporation. Process was served on the defendant Elephant's Trunk Flea Market on September 15, 1996. The action was returnable on October 22, 1996.
The original writ of summons, complaint, and the two affidavits affirming service of process were forwarded with a $150 filing fee on September 25, 1996 to the "Superior Court, Clerk, 80 Doyle Road, Batam (sic) CT. 06750". Subsequently the documents were returned by the Bantam courthouse because they had been filed with the wrong court and because the complaint was not signed. Plaintiff's counsel then endorsed the complaint, and returned it with the writ of summons and two affidavits to the Superior Court at Litchfield. On October 16, 1996, the clerk of the Superior Court at Litchfield returned all of the documents to CT Page 1585 the plaintiff's counsel because the writ was returnable to another court (Bantam) and no entry fee was enclosed. The plaintiff alleges that on October 22, 1996 she filed a complaint with an amended caption to indicate that the action was returnable to the Superior Court at Litchfield, accompanied by the $150 filing fee. An October 22, 1996 complaint does not appear in the court's file.
The court's file indicates that the plaintiff first filed her complaint with the court on February 18, 1997. Accompanying her complaint was a motion to amend the return date in the action to March 18, 1997. Apparently, service of process was again made on the defendants with this subsequent complaint. On June 2, 1997, the defendants filed their answer and special defense. The special defense claims that the instant action is barred by the statute of limitations provided in General Statutes § 52-584.
On October 17, 1997, the defendants filed the motion for summary judgment which is presently before the court. The basis of the motion is that the plaintiff's complaint is barred by the statute of limitations. Pursuant to Practice Book § 204, the defendants filed a memorandum of law in support of their motion for summary judgment. On November 12, 1997, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment. The plaintiff claims that the cause of action is not lost because service of process was effectuated in accordance with General Statutes § 52-593a.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995). "Summary judgment may be granted where the claim is barred by the statute of limitations. Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
In this case, it is undisputed that the alleged wrongful conduct occurred on September 11, 1994. The parties also agree that the applicable statute of limitations is two years, provided by General Statutes § 52-584. Furthermore, the parties agree that service of process was originally made within the time CT Page 1586 allowed by General Statutes § 52-593a. The issue in dispute is when this action was filed. "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed. (Citation omitted.) Shuster v.Buckley, 5 Conn. App. 473, 477, 500 A.2d 240 (1985).
Again, the plaintiff alleges that the complaint was filed with this court on October 22, 1996. October 22, 1996 represents the return date on the original writ of summons. The plaintiff, however, has failed to submit any documentation indicating that her complaint was in fact filed with this court on October 22, 1996. In fact, "Exhibit G", of the plaintiff's memorandum in opposition to the motion for summary judgment contains nothing. According to the plaintiff, Exhibit G is supposed to be a copy of the defendants' October 29, 1996 motion to dismiss the October 22, 1996 complaint. Presumably, the plaintiff wishes to show that her complaint was filed on October 22, 1996 by providing a copy of the defendants' motion to dismiss. The defendant did submit a copy of the motion to dismiss and this court's return of papers form which indicates that the motion to dismiss was returned to the defendant because the complaint had not been filed with this court.
Moreover, this court takes notice of the fact that the court's file does not include a complaint that was filed on October 22, 1996 but rather February 10, 1997. Therefore, it is an established fact that the plaintiff's complaint was filed with this court on February 10, 1997. As such, the complaint was filed more than two years after the date of the alleged wrongful conduct. Accordingly, there is no genuine issue of material fact in dispute and the defendants' motion for summary judgment is granted.
Hon. Walter M. Pickett, Jr.Judge Trial Referee