[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Donald W. Olson d/b/a D.W. Olson Construction Company, filed a two count complaint against John F. Spain, an attorney whom Olson retained to perform legal services in connection with home improvement construction work that Olson was to perform for Jesse M. Fink and Elizabeth Fink. In the first count, Olson alleges that Spain was negligent in performing his services. In the second count, Olson alleges that Spain breached his contract with Olson. Spain has filed a motion to strike the second count of Olson's complaint on the ground that the second count fails to state a claim for breach of contract because the allegations set forth therein are denied to those set forth in the first count alleging negligence.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted . . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.)Peter-Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Lombard v. Edward J. Peters. Jr., P.C., 252 Conn. 623, 626 (2000).
Spain argues in his memorandum that Olson asserted the same allegations in support of both his breach of contract claim and his negligence claim and that this critical fact is fatal to the breach of contract claim. Spain argues that Shuster v. Buckley, 5 Conn. App. 473 (1985) is dispositive of the issue presented by this motion. In Shuster v.Buckley, supra, 477-78, the court stated that where the complaint alleges CT Page 15637 legal malpractice based on negligence, the tort statute of limitations applies. Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence, the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services.[1] Additionally, Spain argues that contract claims based on legal malpractice have to include allegations that specific promises were made as to results. Olson argues, however, that although his two causes of action are based on the same transactions and on the same set of facts, he has clearly alleged two distinct causes of action in his complaint.
In Connecticut, a plaintiff may have claims both in tort and contract against a defendant attorney. Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 494 n. 5 (1992). And, "[u]nless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both."Stowe v. Smith, 184 Conn. 194, 199 (1981). Nevertheless, "there is a split of authority on whether in a medical malpractice action a Plaintiff may claim both negligence and breach of contract based upon the same allegations in separate causes of action." DeLeon v. Fonda, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 059096 (April 2, 1998, Ripley, J.T.R.). One line of cases require that "[t]o be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good . . . . The action in contract is based upon a failure to perform a special agreement." (Citations omitted; internal quotation marks omitted.) Mayer v. Gammill, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342234 (January 21, 1999, Nadeau, J.) (23 Conn.L.Rptr. 686, 687). The other line of cases, however, do not require a special agreement. These cases hold that a breach of contract case is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. The two courses of action are dissimilar as to theory, proof and damages recoverable, while these precedents arise out of medical malpractice. This court finds the line of cases requiring a special agreement is more persuasive.
In count two of the present case, Olson alleges that he contracted with Spain to provide all legal services necessary for the transaction between Olson and the Finks including, but not limited to, advising Olson, reviewing and drafting all appropriate documentation and ensuring that all such documentation complied with all relevant statutory requirements. Our law recognizes claims sounding in tort and contract in the context of legal malpractice causes of action.
The motion to strike is, accordingly, denied. CT Page 15638
Moraghan, J.T.R.