[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#102)
For the purposes of summary judgment the following facts are not in dispute. In April, 1994, the plaintiff employed the defendants to represent her in a criminal case in the Danbury Judicial District. According to the written agreement between the parties, the defendants agreed to represent the plaintiff through the trial of her criminal case and the agreement expressly stated that it did not include the cost of any appeal. On May 1, 1995, the plaintiff was convicted of larceny in the second degree in violation of General Statutes § 53a-123.
On November 7, 2000, the plaintiff commenced the present action by serving the present five count complaint on the defendants. All five counts are premised on the plaintiff's allegations that the defendants' conduct in representing her in the criminal case constituted legal malpractice. In count one, the plaintiff alleges a claim of legal malpractice sounding in negligence. In count two, the plaintiff alleges a claim of legal malpractice sounding in breach of contract. In counts three, four and five respectively, the plaintiff alleges claims of breach CT Page 2992 of the covenant of good faith and fair dealing, intentional infliction of emotion distress and negligent infliction of emotional distress. The defendants filed their answer, in which they deny the material allegations of the complaint and asserts as special defenses that each count of the plaintiff's complaint is barred by the applicable statutes of limitations.
In the present motion for summary judgment, the defendants assert that all counts of the complaint are barred by the applicable statutes of limitation. The plaintiff filed a memorandum in opposition in which, except as to her claim for breach of contract, she does not dispute that her claims are time barred, but instead relies on the tolling effect of the doctrine of continuing course of conduct. As to the plaintiff's breach of contract claims, she asserts that it is governed by the six year limitation provision for written contracts set out in General Statutes § 52-576 and thus is not untimely.
Counts One, Three, Four and Five
In her counter affidavit, the plaintiff attests that she and the defendants had a special relationship sufficient to support a continuing course of conduct because an appeal was filed in her criminal case and that appeal was not final until November, 1998; a lawsuit the defendant filed on her behalf against the Danbury board of education has not yet been decided; and in August, 1999, the defendants advised her regarding her criminal case.[1] In his amended affidavit the individual defendant attests he and his firm ended all of their representation of the plaintiff in June, 1995; and the plaintiff was represented by another attorney in her appeal of her criminal conviction and the administrative matter. The individual defendant does not specifically deny that he had a conversation with the plaintiff in August, 1997.
"The continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied." Blanchette v. Barrett, 229 Conn. 256, 276, 640 A.2d 74
(1994). "[A] statute of limitations may be tolled under the . . . continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date. . . . [I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where [the Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence CT Page 2993 of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Citations omitted; internal quotation marks omitted.)Sherwood v. Danbury Hospital, 252 Conn. 193, 202-03, 746 A.2d 730
(2000); see also Giulietti v. Giulietti, 65 Conn. App. 813, 833-34,784 A.2d 905 (2001). "Perhaps because the continuous course of conduct doctrine contravenes, or at least qualifies, the legislatively mandated policies favoring repose as found in the statutes of limitations, the doctrine has been applied narrowly and somewhat sparingly." Partitions,Inc. v. Blumberg Associates, Inc., Superior Court, judicial district of Hartford, Docket No. 576664 (October 9, 2001, Beach, J.). "[T]he application of the continuing course of conduct doctrine [is] conspicuously fact-bound." (Internal quotation marks omitted.) Sherwoodv. Danbury Hospital, supra, 252 Conn. 210.
Once an attorney's representation of his or her client ends, the prior attorney-client relationship does not generally give rise to a continuing duty sufficient to support a finding of continuing course of conduct. SeeSanborn v. Greenwald, 39 Conn. App. 289, 297, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995). Thus, courts have been reluctant to find a continuing duty in legal malpractice cases, because "[t]he doctrine of the continuing course of conduct as used to toll a statute of limitations is better suited to claims where the situation keeps evolving after the act complained of is complete, such as medical malpractice, rather than one where the situation cannot change, such as legal malpractice arising from . . . the written word." Id., 297-98.
Moreover, the Appellate Court has cautioned that "[t]he negligent performance of a professional duty or the failure to perform it must be distinguished, however, from the consequences that result from such act or omission and which are claimed by way of damages." Shuster v.Buckley, 5 Conn. App. 473, 478, 500 A.2d 240 (1985). Accordingly, "[a] plaintiff should not be allowed to keep a legal malpractice action alive after the lawyer-client relationship has ended by telephoning the attorney every three years to obtain verification that something the attorney had drafted previously would not cause the plaintiff harm."Sanborn v. Greenwald, supra, 39 Conn. App. 297.
"In order to toll the statute of limitations by reason of continuing course of conduct, the plaintiff must allege in his complaint or present facts which reasonably support an inference of a continuing breach of duty by the defendant." Shuster v. Buckley, supra, 5 Conn. App. 478. In the following cases, the courts determined that the plaintiff had not done so: Sanborn v. Greenwald, supra, 39 Conn. App. 289, 297 (no special relationship exists between attorney and client after the attorney drafted written stipulation to modify judgment of dissolution and client CT Page 2994 did not offer evidence that attorney knew drafting was negligent or that attorney initiated conduct thereafter or promised to do anything in the future); Shuster v. Buckley, supra, 5 Conn. App. 473, 478-79 (where conduct client complains about occurred prior to sentencing, statute of limitations begins to run on date sentence is imposed); Shiffrin v.Bergman, Horowitz Reynolds, P.C., Superior Court, judicial district of New Haven at New Haven, Docket No. 431111 (December 12, 2000, Zoarski,J.) (law firms' duty to counsel client regarding will it drafted for her ends when firm's representation of client ends and alleged negligence of subsequent law firm cannot be imputed to original firm).
On the other hand, in the following cases the courts held that the plaintiff had alleged sufficient facts to give rise to a continuing duty on the part of an attorney: Giulietti v. Giulietti, supra,65 Conn. App. 835 (attorney who provides legal services to his family's closely held corporation, and serves as officer thereof has special relationship that will toll the running of the statute of limitations);Rosenfield v. Rogin, Nassau, Caplan, Lassman Hirtle, L.L.C., Superior Court, judicial district of Hartford, Docket No. 568522 (April 12, 2000,Peck, J.) (attorney who represents client in appeal after judgment of dismissal has a duty to client that tolls statute of limitations until completion of appeal).
The court finds that the continuing course of conduct doctrine does not apply to the facts of this case and therefore the defendants' motion for summary judgment is granted as to counts one, negligence; three, breach of the covenant of good faith and fair dealing; four, intentional infliction of emotional distress; and five, negligent infliction of emotional distress, because these causes of action are barred by the applicable statutes of limitation.
Count Two
In their motion for summary judgment, the defendants argue that the plaintiff's cause of action for breach of contract is barred by the three year statute of limitations that applies to oral contracts under General Statute § 52-581. The plaintiff counters that because the parties had a written agreement, the applicable statute of limitations is the six year limitations that applies to written contracts under General Statute § 52-576. In his amended affidavit, the individual defendant concedes that the parties had a written contract pertaining to the defendants' representation of the plaintiff in her criminal case.
A cause of action for legal malpractice may sound in both tort and contract. See Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 529,559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989). If the CT Page 2995 cause of legal malpractice sounds in tort it is controlled by the three year tort statute of limitations. Id., 330. "Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services." Shuster v.Buckley, supra, 5 Conn. App. 478. If the cause of action for legal malpractice sounds in breach of a written contract it is controlled by the six year statute of limitations for contract. Mac's Car City, Inc.v. DeNigris, supra, 18 Conn. App. 530.[2]
The plaintiff has sufficiently alleged a cause of action for breach of contract and the defendants' motion for summary judgment as to count two is denied because the six year statute of limitations for written contracts had not yet expired when the plaintiff commenced this action.
RUSH, J.