[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between a builder, the plaintiff, Russell P. Monahan, and the defendant, Frank J. Godfrend, the owner of a one family home being converted to two family use. In his complaint, the plaintiff alleges that on March 17, 1991, he entered into a contract with the defendant to supply material and render services in connection with the renovation and alteration of the subject premises located at 63 Stephen Street in Stamford. The services are alleged to include plumbing and electrical work. The plaintiff further claims that the parties agreed that he would be paid at the rate of $30 per hour or $200 a day, and that, although defendant had paid him $2,500, an unpaid balance remained in the amount of $9,660.
In his answer, the defendant admits that he entered into an oral agreement with the plaintiff for the latter to furnish material and render services at the subject premises, and that he had paid the plaintiff approximately $2,740, but denied the other material allegations of the complaint. The defendant also filed nine special defenses against the plaintiff in which he alleged: violation of General Statutes § 20-418 et seq., the Home Improvement Act (HIA); unsatisfactory performance; fraud; failure to comply with General Statutes § 20-334, relating to electrical and plumbing licenses; unworkmanlike performance; breach of the covenant of good faith and fair dealing; violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA); and breach of contract. The defendant also filed a six-count counterclaim against the plaintiff alleging: fraud; negligence; reckless and wanton misconduct; violation of CUTPA; negligent infliction of emotional distress; and infliction of emotional distress. The defendant sought damages, punitive damages, attorney's fees, prejudgment interest, and a return of all sums paid the plaintiff. In his response to the special defenses and the counterclaim, the plaintiff agreed that he was not a licensed plumber or electrician, but denied the remaining material allegations of the special defenses and counterclaim.
This case was referred to Attorney Sydney C. Kweskin, an attorney trial referee, in accordance with General Statutes § CT Page 881652-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed his report containing the following findings of fact: (1) the plaintiff was not licensed to perform plumbing and electrical work, and that his license as a home improvement contractor had expired; (2) the defendant was a licensed home improvement contractor whose specialty was selling and installing carpets, and he had acted as the general contractor on this project; (3) the plaintiff hired licensed plumbers and electricians to supervise his work and obtain permits from the city of Stamford building authorities, in which "subterfuge" the defendant participated; and (4) the plaintiff's work performance was satisfactory to the defendant.
The attorney trial referee reached the following conclusions as a result of his findings of fact: (1) the work performed by the plaintiff was encompassed within the definition of "home improvement" in General Statutes § 20-419(4), but the agreement between the parties was not in writing and failed to comply with the HIA, General Statutes § 20-429(a), which provides in part that "[n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing . . . ;" (2) the defendant did not know of his right to invalidate the contract when it was first entered into or on the occasions when he made payments to the plaintiff; (3) the defendant was a sophisticated businessman and experienced in renovating homes, and knew that the plaintiff had not complied with the HIA; (4) the defendant acted in bad faith by reason of his participating in obtaining licensed plumbers and electricians to "cover" the plaintiff, who was performing unlicensed plumbing and electrical work, and thus, according to the referee, was a "conniver" under the holding in Habetz v. Condon, 224 Conn. 231,235-36, 618 A.2d 501 (1992); (5) the defendant did not prove his entitlement to money damages based on his special defense and counterclaim alleging a violation of CUTPA, because he failed to show that he was damaged as a result of such violation; and (6) the plaintiff should recover $9,362 on his complaint and judgment should enter in the plaintiff's favor on the defendant's counterclaim.
The defendant, pursuant to Practice Book § 438, moved to correct the report to reflect that: (1) he is not a licensed home improvement contractor, nor had he ever remodeled a house except his own and the subject premises, and he is not knowledgeable about the construction industry, only the installing of carpets; (2) the parties never reached an agreement as to an hourly rate CT Page 8817 for payment to the plaintiff, although the defendant agrees that he paid the plaintiff $2,740; (3) the defendant did not participate in a subterfuge as he did not understand that the plaintiff was not licensed to do plumbing and electrical work; (4) the plumbing and electrical work were not performed in a satisfactory manner; and (5) the defendant should be awarded money damages for the delay in construction and for defending a foreclosure of a mechanic's lien suit instituted by the plaintiff, which foreclosure was subsequently dismissed, and that he was entitled to punitive damages and attorney's fees by reason of the violation of the Home Improvement Act, which constituted a per se violation of CUTPA. See General Statutes § 20-427(c) (providing that "[a] violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b").
In his response to the defendant's motion to correct, the attorney trial referee declined to make any change in his recommendation that judgment should enter for the plaintiff, but he did agree that the defendant was not a home improvement contractor, but reiterated that the plaintiff was not such a contractor either. The referee further indicated that the plaintiff had advised the defendant that he could not perform licensed plumbing and electrical work. In a finding that sums up the referee's conclusion about this case, and which formed the basis for his recommendation that judgment should enter in favor of the plaintiff, the referee stated: "The plaintiff was originally hired to do specific work. This was enlarged by the defendant because of time constraints and to save money. He [knew] that the plaintiff was not licensed to do electrical and plumbing work. . . . The use of other tradesmen was a `cover' device to cheat the City of Stamford by having a non-licensed person to do the work and to get licensed people to give it a fast `look over' and get the permit and work approved."
The defendant filed exceptions to the referee's report pursuant to Practice Book § 439, and properly included the required transcript of the evidence that was introduced at the trial. The exceptions contend that the referee was in error in that: (1) the defendant was not an experienced contractor, he was a carpet installer who had renovated only his own and the subject premises and was not a licensed home improvement contractor; (2) the plaintiff conceded that he was a home improvement contractor, defined by General Statutes § 20-419(3) as one who "agrees to perform any home improvement"; (3) the referee had implicitly CT Page 8818 found that the defendant was not familiar with the HIA when he determined that the defendant did not realize he could invalidate the contract either when it was initiated, or when he made some payments to the plaintiff; (4) the defendant did not act in bad faith and there was no subterfuge; and (5) the defendant is entitled to damages because the plaintiff violated CUTPA by virtue of his violation of the HIA.
The defendant also filed objections to the acceptance of the referee's report, Practice Book § 440, in which he reiterated his contention that the referee had erred in determining that he had participated in a subterfuge against the city of Stamford, which constituted bad faith under the HIA.
As to this court's scope of review of an attorney trial referee's recommendations regarding the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716; see also Practice Book § 440.
It is clear that the work performed by the plaintiff constitutes a home improvement under HIA, General Statutes §20-419(a), and it is equally clear that the agreement between the parties was not in writing, and hence did not comply with the HIA, General Statutes § 20-429. Therefore, the only issue in this case is whether the plaintiff may recover from the defendant by bringing himself within the "bad faith" exception of Habetz v.Condon, supra, 224 Conn. 236-40. This requires a plaintiff to establish "that the [defendant's] invocation of the HIA as a basis for [his] repudiation of the contract was in bad faith."Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 680, 657 A.2d 1087
(1995). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon,
CT Page 8819 supra, 224 Conn. 237; see also Rizzo Pool Co. v. Del Grosso,
supra, 232 Conn. 680.
Thus, assuming the correctness of all of the referee's findings of fact, in addition to determining whether "there was . . . evidence to support the attorney trial referee's factual findings," the task of the reviewing court is to decide whether "the conclusions reached were in accordance with the applicable law." Thermoglaze, Inc. v. Morningside Gardens, Co.,23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied, 217 Conn. 811,587 A.2d 153 (1991); see also Practice Book § 440 andBernard v. Gershman, 18 Conn. App. 652, 656, 559 A.2d 1171 (1989) ("[w]here legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee").
"A referee's determinations of law in his or her report are not binding on the court . . . the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee . . . [t]he trial court [has] the inherent authority . . . to render whatever judgment was appropriate in light of the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) Dills v. Enfield, supra, 210 Conn. 713; see also State Bank of Westchester v. New Dimension Homes ofConnecticut, Inc., 38 Conn. App. 491, 497, ___ A.2d ___ (1995) (stating "[a]ny legal conclusions reached by an attorney trial referee have no conclusive effect").
It is the court's opinion that the plaintiff cannot recover in this case because bad faith has been held to be limited to "instances of bad faith relating to the formation of, or inducement to, enter into a home improvement contract" and even possibly an "unwarranted" or an "improper termination or repudiation of the agreement." Dinnis v. Roberts, 35 Conn. App. 253,257, 644 A.2d 971 (1994). The alleged bad faith in this case involves a finding by the referee that the defendant participated with the plaintiff in an attempt to "cheat" the city of Stamford by engaging in a "subterfuge" to avoid paying the fees that are required when employing licensed plumbers and electricians, not that the defendant exhibited bad faith toward the plaintiff. No case involving bad faith under the HIA has been found which involves a third party, rather than the home improvement contractor itself. Thus, the referee's conclusion that the plaintiff home improvement contractor proved bad faith, CT Page 8820 justifying an exception to the necessity of a written contract, is rejected and judgment may enter in favor of the defendant with respect to the plaintiff's complaint.
Regarding the defendant's counterclaim, in addition to using the HIA as a "shield" against the plaintiff, the defendant also wishes to employ it as a "sword" to recover damages because of the per se violation of CUTPA discussed previously. In the first instance, the defendant wishes to recover the partial payment that he made to the plaintiff on account of services to be rendered and materials to be supplied. However, these payments would have been made regardless of whether there was compliance with the HIA, and therefore are not damages resulting from the defendant's CUTPA violation. Furthermore, although a homeowner may seek to recover on a contract that is unenforceable by the contractor because of the HIA; Sidney v. DeVries, 215 Conn. 350,353, 575 A.2d 228 (1990);[1] the referee found in this action that the plaintiff contractor's work was performed in a satisfactory manner.
The defendant also seeks to recover the costs of defending a mechanic's lien foreclosure action brought by the plaintiff, including his attorney's fees in this action. Although the failure to comply with the HIA constitutes a per se violation of CUTPA, the defendant is still obliged to present evidence of damages arising from the CUTPA violation. A. Secondino and SonInc. v. LoRicco, 215 Conn. 336, 344, 572 A.2d 691 (1992). The transcript fails to disclose that any damages claimed by the defendant arose from the plaintiff's violation of the HIA.
With respect to attorney's fees, the claim for such fees was asserted by way of a counterclaim in which the defendant did not establish any damages, and the incentive for an award of attorney's fees was not necessary under the facts of this case to encourage the defendant to assert a defensive counterclaim in CUTPA on the basis of a violation of the HIA. Shay v. Gallagher, Superior Court, JD of Fairfield at Bridgeport, DN. 302341 (January 23, 1995) (Levin, J.) In addition, by permitting the defendant to retain the benefits of the plaintiff contractor's efforts in the approximate amount of $9,000, according to the attorney trial referee, the defendant has been adequately compensated for his attorney's fees.
Accordingly, judgment is entered in favor of the defendant on the plaintiff's complaint and in favor of the plaintiff on the CT Page 8821 defendant's counterclaim. No costs shall be taxed in favor of either party.