JAMES A. DINNIS ET AL. *v.* JOHN ROBERTS ET AL.
(12417)

O'CONNELL, LANDAU and SCHALLER, Js.

Argued March 21—decision released July 26, 1994

*Bradley K. Cooney,* with whom, on the brief, was *Todd R. Bainer,* for the appellants (plaintiffs).

*Benson A. Snaider,* with whom, on the brief, was *Alysia D. Maffucci,* for the appellees (defendants).

LANDAU, J. The plaintiffs appeal from the judgment of the trial court granting the defendants' motion for summary judgment. The plaintiffs claim that the trial court improperly (1) limited its consideration of the bad faith exception to the enforcement of the Home Improvement Act[1] to a review of bad faith only in the inducement, and (2) concluded that there was no genuine issue of material fact in dispute regarding the plaintiffs' claim of bad faith on the part of the defendants in the performance, termination and repudiation of the home improvement contract. We affirm the judgment of the trial court.

The relevant facts are as follows. On November 21, 1988, the plaintiff home improvement contractors, James Dinnis and Denise Dinnis, doing business as Prestige Construction, entered into an agreement[2] with

---

[1] General Statutes § 20-418 et seq., the Home Improvement Act, sets forth the statutory requirements governing home improvement contracts. General Statutes § 20-429 provides in pertinent part: "(a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. . . ."

[2] The parties did not dispute that the contract was a home improvement contract within the meaning of the Home Improvement Act. Nor did the parties dispute that the contract was deficient in that it failed to contain

the defendant homeowners, John Roberts and Sharon Roberts, for the construction of an addition to the defendants' home in Cheshire. In an amended complaint, the plaintiffs alleged that during the first week of April, 1989, with approximately 85 percent of the addition completed, the defendants terminated the plaintiffs' services without notice or explanation. The plaintiffs alleged that the defendants acted deceptively and in bad faith in the execution and repudiation of the home improvement contract, and sought recovery under the theories of quantum meruit and unjust enrichment.

The defendants filed an answer, special defenses and a counterclaim. They asserted as a special defense to each count of the amended complaint that the plaintiffs' claims were barred because the contract failed to comply with the requisite provisions of the Home Improvement Act and therefore was unenforceable. The plaintiffs filed a reply to the defendants' special defenses asserting that the defendants had acted in bad faith, rendering the act inapplicable.

The defendants filed a motion for summary judgment directed to the plaintiffs' amended complaint, claiming that the plaintiffs' action was barred because the contract was unenforceable in that it failed to comply with General Statutes § 20-429 (a) (6) and (7). The defendants argued that they had acted in good faith and with intent to pay the plaintiffs for services rendered at all times during the transaction, and that the plaintiffs had not raised any facts that could form the basis of an issue of fact regarding the defendants' bad faith.

In support of their motion, the defendants submitted a copy of the contract at issue. In addition, the

a notice of the homeowners' cancellation rights or starting and completion dates, as required by General Statutes § 20-429 (a) (6) and (7).

defendants submitted affidavits stating that the construction was performed negligently; that, when the defendants hired an engineer to evaluate the plaintiffs' work, the plaintiffs quit the job before the work specified in the contract was completed; that the plaintiffs' work was not in compliance with the building code, nor was it of a good workmanlike standard; that despite the invalidity of the home improvement contract, the plaintiffs filed a mechanic's lien against the defendants; and that the defendants had acted in good faith at all times during the transaction and had no knowledge of deficiencies in the home improvement contract prior to consulting an attorney.

The plaintiffs, opposing the motion for summary judgment, contended that the granting of summary judgment for the defendants would be inappropriate in light of the factual issues remaining in dispute between the parties, particularly with regard to the defendants' bad faith. The plaintiffs further argued that whether the defendants had acted in bad faith was itself a genuine issue of material fact justifying denial of the defendants' motion for summary judgment.

The plaintiffs, in their counteraffidavit, argued that they performed the work in accordance with the terms of the contract, yet, with 85 percent of the work completed, were terminated without notice or explanation; that, without consulting the plaintiffs, the defendants hired an engineer to inspect the plaintiffs' work; that the defendants never expressed dissatisfaction with the plaintiffs' work; that the defendants acted deceptively and in bad faith in dealing with the plaintiffs around the time that they terminated the contract, and thereafter, in using various harassing litigation tactics; and that they adopted and ratified the facts contained in the third amended complaint asserting bad faith on the part of the defendants.

The trial court granted the defendants' motion for summary judgment, concluding that the plaintiffs had failed to establish a factual basis to raise a genuine issue of fact as to bad faith on the part of the defendants. The plaintiffs filed this appeal.

I

The plaintiffs first claim that the trial court improperly limited its consideration of the bad faith exception to the enforcement of the act to a review of bad faith only in the inducement to contract. We disagree.

Absent proof of bad faith on the part of the homeowner, General Statutes § 20-429 permits no recovery by a home improvement contractor under theories of quantum meruit or unjust enrichment if the home improvement contract fails to comply with the statutory requirements of the act. *Sidney* v. *DeVries,* 215 Conn. 350, 354, 575 A.2d 228 (1990); *Barrett Builders* v. *Miller,* 215 Conn. 316, 328, 576 A.2d 455 (1990). Discussing the bad faith exception, our Supreme Court "stated in dictum that, in the absence of bad faith, a homeowner is privileged to repudiate a home improvement contract that violates the act. In *Habetz* v. *Condon,* 224 Conn. 231, 618 A.2d 501 (1992) . . . [the court] more fully addressed the bad faith exception and held that proof of a homeowner's bad faith will preclude that homeowner from repudiating with impunity a home improvement contract that violates the act." *Wadia Enterprises, Inc.* v. *Hirschfeld,* 224 Conn. 240, 247–48, 618 A.2d 506 (1992).

In *Habetz* v. *Condon,* supra, 224 Conn. 237, the court reasoned: "[P]roof of bad faith on the part of the homeowner is an exception to what might otherwise be a harsh lesson to the home improvement contractor unable to recover due to a violation of the act. The central element giving rise to this exception is the recognition that to allow the homeowner who acted in bad faith

to repudiate the contract and hide behind the act would be to allow him to benefit from his own wrong, and indeed encourage him to act thusly. Proof of bad faith therefore serves to preclude the homeowner from hiding behind the protection of the act." The court defined bad faith as involving " 'actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.' Black's Law Dictionary (5th Ed. 1979). Bad faith means more than mere negligence; it involves a dishonest purpose. *Funding Consultants, Inc.* v. *Aetna Casualty & Surety Co.,* 187 Conn. 637, 644, 447 A.2d 1163 (1982); *Hartford National Bank & Trust Co.* v. *Credenza,* 119 Conn. 368, 371, 177 A. 132 (1935)." Id.

In *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra, 224 Conn. 249, the court concluded that the plaintiff's allegation that the defendant homeowners had acted in bad faith by initially enforcing the contract and subsequently asserting the contract's invalidity as a defense to a suit by the contractor did not, in itself, present a claim of bad faith. "There is nothing dishonest or sinister about homeowners proceeding on the assumption that there is a valid contract, enforcing its provisions, and later, in defense to a suit by the contractor, upon learning that the contract is invalid, then exercising their right to repudiate it. See *Caulkins* v. *Petrillo,* 200 Conn. 713, 720, 513 A.2d 43 (1986). As noted above, the plaintiff did not allege that the defendants knew of the violation earlier, or that they purposely drafted the contract in violation of the act in order later to avoid their obligation to pay. On the contrary, the plaintiff did not even challenge the defendants' statements in their affidavits that they had been unaware of the act prior to the commencement of this lawsuit. *Farrell* v. *Farrell,* [182 Conn. 34, 39–40, 438 A.2d 415 (1980)]." Id.

The plaintiffs contend that the bad faith exception to the enforcement of the act is not limited to instances of bad faith relating to the formation of, or inducement to, enter into a home improvement contract. The plaintiffs claim that the Supreme Court's references in *Barrett Builders* v. *Miller,* supra, 215 Conn. 328, to bad faith in the "unwarranted repudiation" of the agreement indicate that an improper termination or repudiation of a home improvement contract by a homeowner may exempt a home improvement contractor from the otherwise harsh application of the act. They urge that the court in *Habetz* v. *Condon,* supra, 224 Conn. 236 n.10, recognized, in dictum, that additional grounds for the application of the bad faith exception might exist,[3] and ask this court to extend the bad faith exception enunciated in *Wadia* and *Habetz.* We decline to do so under the facts of this case.

## II

The plaintiffs further claim that the trial court improperly concluded that there was no genuine issue of material fact in dispute regarding the plaintiffs' claim of bad faith on the part of the defendants in the performance, termination and repudiation of the home improvement contract. We disagree.

The standards governing our review of a trial court's decision on a motion for summary judgment are well established. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted

---

[3] The court in *Habetz* stated: "We interpret the dictum in *Barrett Builders* v. *Miller,* [supra, 215 Conn. 328], to mean that a homeowner cannot in bad faith invoke the contractor's statutory violation as a basis for his own repudiation of the contract. Whether proof of bad faith in some other manner on the part of the homeowner will also allow a contractor who has failed to comply with the requirements of the act to recover is a question left for another day." *Habetz* v. *Condon,* supra, 224 Conn. 236 n.10.

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. *Connell* v. *Colwell,* 214 Conn. 242, 251, 571 A.2d 116 (1990). The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. *Farrell* v. *Farrell,* [supra, 182 Conn. 39]; *Real Estate Auctions, Inc.* v. *Senie,* 28 Conn. App. 563, 567, 611 A.2d 452 (1992). Moreover, [i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* supra, 781, quoting *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984)." (Internal quotation marks omitted.) *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra, 224 Conn. 247.

In reviewing the plaintiffs' contention that its amended complaint contained "detailed and far reaching allegations" as to the defendants' bad faith, thereby raising an issue of fact, the trial court noted that the mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. The defendants stated, in affidavits, that they had been unaware of the act prior to consulting an attorney; the plaintiffs did not challenge these statements in opposing the defendants' motion, except by referring to the allegations of the defendants' bad faith set forth in their complaint. The trial court properly concluded that by

simply referring to the allegations of the complaint and by failing to submit supporting documents that tended to show bad faith on the part of the defendants, the plaintiffs failed to establish a factual basis to raise a genuine issue of fact as to the defendants' bad faith.

The plaintiffs further claim that bad faith is itself a genuine issue of material fact in dispute and, as such, not appropriately decided on a motion for summary judgment. The plaintiffs rely on cases in which our Supreme Court has held that summary judgment is ill suited for cases of a complex nature or for those involving important public policy issues requiring a trial, and that summary judgment is particularly inappropriate where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings. See, e.g., *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 375–76, 260 A.2d 596 (1969). The court has held, however, that even with respect to issues involving motive, intent and subjective feelings, the party opposing a motion for summary judgment must present a factual predicate for his argument in order to raise a genuine issue of material fact. See, e.g., *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra, 224 Conn. 250; *Connell* v. *Colwell,* supra, 214 Conn. 251.

In opposing the motion for summary judgment, the plaintiffs failed to present the necessary factual predicate to raise a genuine issue as to the defendants' bad faith. We conclude that the trial court properly granted the defendants' motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.