[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Murphy Karpie and David C. Kinney for plaintiff.
Ackerly Bologna for defendant.
This action and a companion suit captioned Casalini v. Four D's, Inc., CV 89 0103348, arise out an accident occurring on a job site on Garibaldi Lane in New Canaan on April 25, 1987. On April 20, 1994, this court granted a summary judgment in favor of defendant Imperial Construction, a siding CT Page 10693 subcontractor, and against the plaintiff, Anthony Ottoshavett, on the authority of General Statutes § 31-291, which bars a common law action against one's "principal employer." Imperial Construction was determined as a matter of law to be the plaintiff's principal employer and hence immune from suit.
This court, however, did not rule on a similar motion (#156) filed on July 22, 1994 by defendants The Four D's, Inc. ["FDI"], the general contractor, George M. Discala, John A. Discala, and George Discala, Jr., principals of FDI, and by First Street Associates, the owner and developer of the subject premises. Having reviewed the file, the motion for summary judgment, and accompanying papers, including those filed in opposition thereto, the court enters summary judgment at this time in favor of FDI, and the three individual defendants for the same reasons set forth in the memorandum of decision dated April 15, 1994 in the Casalini matter. The only difference between Imperial Construction and FDI is that the former was a subcontractor and the latter was the general contractor for the project, but both fit within the definition of a principal employer as discussed in the April 15, 1994 memorandum.
However, as to defendant First Street Associates, there are genuine issues of material fact. Practice Book § 384; Dinnis v. Roberts,35 Conn. App. 253, 260, 644 A.2d 971 (1994). For the principal employer defense to apply, three elements must be satisfied: "(1) the relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer." Gedeon v. First NationalSupermarkets. Inc., 21 Conn. App. 20, 24, 571 A.2d 123, cert. denied,215 Conn. 804, 574 A.2d 220 (1990).
The owner/developer, First Street Associates, does not appear to be either the original contractor or a subcontractor as is the case with the other defendants. A genuine issue exists with regard to the second element of the principal employer defense, that is, whether the work was done on premises controlled by First Street Associates. As to the third element, there has been insufficient proof that First Street Associates is ordinarily engaged in the application of siding. For example, the file contains an affidavit by Gaetan Lariviere, an officer of Imperial Construction, which states that First Street Associates' only role in the project was that of owner of the subject premises. Because of the existence of these genuine issues of material fact, First Street Associates' motion for summary judgment is denied.
So Ordered. CT Page 10694
Dated at Stamford, Connecticut, this 19th day of October, 1994.
William B. Lewis, Judge