[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is plaintiff's motion for summary CT Page 11170 judgment as to liability under counts 1 and 5. The motion should be denied.
On January 23, 1992, the plaintiff, Branford Savings Bank (BSB) filed an amended complaint against, among others, the defendant, Aetna Casualty and Surety Company of Illinois (Aetna). The action arises out of a commercial insurance policy issued by Aetna to Plastech Company, Division of Summit Associates, Inc. (Plastech). BSB, who had a security interest in the insured personal property of Plastech, was named as the mortgage holder on the policy.
On May 26, 1990 a fire occurred at the site of the insured property, causing damage to Plastech's real and personal property. Aetna believes the fire could have been caused by arson and therefore refuses to pay Plastech on the policy. BSB, as mortgage holder on the policy, made a claim to Aetna for the loss of Plastech's personal property but Aetna denied the claim arguing that, as a mortgage holder, BSB is only able to recover for the loss of or damage to Plastech's buildings or structures. In its amended complaint, BSB is seeking recovery of the loss of Plastech's personal property.
On April 21, 1994, BSB filed a motion for partial summary judgment with accompanying memorandum in support on the issue of liability against Aetna, and on June 17, 1994, Aetna filed a memorandum in opposition. Both BSB's memorandum in support and Aetna's memorandum in opposition contained numerous exhibits. On July 22, 1994, BSB filed a reply memorandum to Aetna's memorandum in opposition to the motion for summary judgment, and on August 31, 1994, Aetna filed a memorandum in response to BSB's July 22, 1994 reply memorandum.
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105. The party moving for summary judgment "has the burden of showing the under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Id. In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. ConnecticutNewspaper. Inc., 193 Conn. 313, 317. Summary judgment is normally CT Page 11171 inappropriate "where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings." Dinnis v. Roberts, 35 Conn. App. 253.
In the present case, BSB argues in its memorandum in support of its summary judgment motion that 1) reformation of the insurance policy is appropriate in the instant case and should be decided at summary judgment because reformation is an equitable remedy granted by the court and that 2) Aetna breached their insurance policy with BSB by refusing BSB's claim and should be liable to BSB for the value of the personal property destroyed in the May 26, 1990 fire as a matter of law. These two arguments address Counts 1 and 5 of the plaintiff's amended complaint, respectively.
"Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. . . . Reformation is also available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other." (Citations omitted.) Harlach v. MetropolitanProperty Liability Ins. Co., 221 Conn. 185, 190-91. Reformation of Aetna's insurance policy is inappropriate for summary judgment because it requires a determination of material issues of fact regarding intent, mistake, fraud and inequitable conduct.
BSB's breach of contract claim is based upon the interpretation of the term `mortgage holder' as it appears in the insurance policy. BSB argues that the term mortgage holder includes a mortgage on personal property. In order to properly decide the breach of contract claim, the trier must first determine what the parties intended by using the term `mortgage holder'. Such a determination is a question of fact for a jury to decide. "Normally, a determination of what the parties intended by contractual commitments is a question of fact . . . ." GaynorElectric Co. v. Hollander, 29 Conn. App. 865, 872. "Absent a statutory warranty or definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Bead Chain Mfg. Co. v. SaxtonProducts Inc., 183 Conn. 266, 274-75. CT Page 11172
Plaintiff's pleadings and proof fail to show that there is no genuine issue of any material fact under counts 1 and 5.
Accordingly, the motion for summary judgment is denied.
Ronald J. Fracasse, Judge