[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Anthony G. Scalzi, has applied to discharge a mechanic's lien placed on two parcels of land he owns in Norwalk. The lien was filed by the defendant, Siladi Development and Construction Company, Inc. (Siladi), on December 30, 1994, in the amount of $58,420, and relates to construction work performed and material furnished by the defendant for the plaintiff's premises at 24 West Avenue in Norwalk, between the dates of June 30, 1994 and November 30, 1994.
The following facts are found as a result of evidence presented at the heating on the motion to discharge. The defendant sold 24 West Avenue to the plaintiff in March, 1994. CT Page 7876 Thereafter, the defendant claims that it entered into a written contract with the plaintiff dated June 22, 1994, pursuant to which the defendant, as the general contractor, was to rehabilitate and reconstruct a three story, six family residential apartment building at that address. The contract was for $187,600, which was to be paid periodically as the work progressed. The defendant agreed to perform in a workmanlike manner and the parties agreed to submit any dispute between them to binding arbitration with the American Arbitration Association. The plaintiff never signed this contract, but the defendant claims it performed its work in accordance with the contract and was paid pursuant thereto. The defendant describes the unsigned contract as "memorializing" their oral agreement. In November, 1994, the plaintiff refused to let the defendant continue on the job. The defendant agrees that it was paid for all the services and materials it provided on the project, but claims that it owes various subcontractors, including architect, engineering, legal, as well as plumbing, electrical, excavation, and waste removal, a total of approximately $58,420, the amount of its mechanic's lien.
The plaintiff claims that the lien should be vacated for several viz., that the Home Improvement Act, General Statutes § 20-418 et seq., was violated because there is no signed contract, that service of the lien on the plaintiff was not demonstrated, and that the defendant was paid in full for its work.
The issue is whether the defendant has established probable cause to sustain its mechanic's lien in accordance with General Statutes § 49-33. First Constitution Bank v. Harbor VillageLtd. Partnership, 230 Conn. 807, 646 A.2d 812 (1994), points out that the mechanic's lien statute should be construed in a liberal fashion "in order to achieve the remedial purposes of the . . . statute[s]." Id., 815. However, General Statutes § 49-35b
provides that at a heating to discharge a mechanic's lien, "the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien." In the context of a mechanic's lien, probable cause has been described as "analogous" to the definition thereof in prejudgment remedies. "The legal idea of probable cause is a bonafide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common sense standard. It does not demand CT Page 7877 that a belief be correct or more likely true than false. The heating in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. The court's role in such a heating is to determine probable success by weighing probabilities." (Citations omitted; internal quotation marks omitted.) Pero Building Co. v. Smith, 6 Conn. App. 180, 182-83,504 A.2d 524 (1986).
Moreover, the class or type of persons who are authorized to file a mechanic's lien are those who have a claim "by virtue of an agreement with or the consent of the owner . . ." or with an authorized agent of the owner. Centerbrook, Architects andPlanners v. Laurel Nursing Services, Inc., 224 Conn. 580, 584,620 A.2d 127 (1993). In this case, the defendant agrees that it has been paid in full for its services and material, but argues that it owes money to the various subcontractors who worked on the project, and is unable to pay them because the plaintiff prevented completion of the project.
A mechanic's lien was discharged in Looram v. Heilig,
9 Conn. L. Rptr 81, 82 (May 12, 1993, Hodgson, J.), because the owner had contracted with a Richard Sullivan, but the lienor was Michael E. Looram d/b/a Sullivan Engineering Associates. The lienor "has not demonstrated that he had an enforceable contract with the [owner]" The lienor in this case has not demonstrated that it has an enforceable claim against the plaintiff because it has been paid in full. Moreover, the subcontractors are subrogated to the rights of the defendant pursuant to General Statutes § 49-33(f), and have the right to claim a mechanic's lien on their own behalf.
Regarding the lack of a signed contract, General Statutes § 20-429 defines a home improvement to include "residential rental" property, including non-owner occupied property. See General Statutes § 20-419(10) defining "residential property" as including "a multifamily dwelling consisting of not more than six units . . . which is not owner occupied." Therefore, a structure containing not more than six dwelling units qualifies under the Home Improvement Act. Because of the lack of the owner's signature, the home improvement contract appears to be invalid and unenforceable pursuant to General Statutes §20-429(a)(2). Furthermore, the contract itself states that it CT Page 7878 is not binding unless signed by both parties.
Moreover, the defendant lienor did not offer evidence that it complied with the requirements of General Statutes § 49-34
that a true and attested copy of the certificate of mechanic's lien be served upon the owner.
For these reasons, the plaintiff's motion to vacate the defendant's mechanic's lien is granted. On a full trial, of course, there could be an entirely different result if, for example, the defendant is able to demonstrate that it falls within the so-called bad faith exception to the Home Improvement Act, as discussed in Dinnis v. Roberts, 35 Conn. App. 253, 257,644 A.2d 971 (1994), but at this stage of the proceedings the defendant's mechanic's lien is ordered vacated and discharged.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of July, 1995.
William B. Lewis, Judge