[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #132
On January 17, 1995, the plaintiff, Stephen Pomazi d/b/a Solar Sheet Metal and Pomazi Roofing,[1] filed an amended complaint seeking to recover from the defendant, Lawrence J. Caprio. The plaintiff alleges in the complaint that he had entered into a contract for roof repair and installation work at the defendant's home, located at 1575 Catamount Road in Fairfield. The plaintiff claims that despite properly completing the specific home improvement projects, the defendant has not paid him, and is thereby liable for breach of the contract.
On April 27, 1995, the defendant filed an answer with special defenses claiming that the plaintiff did not comply with the requirements set out in General Statutes § 20-429(a)(1)-(9), the Home Improvement Act.
On February 13, 1996, the defendant filed a motion for summary judgment and a memorandum of law with attached documents in support of the motion. The defendant attached his affidavit with a number of exhibits to the motion. The exhibits include a transcript of the testimony of the plaintiff presented in support of the prejudgment remedy on November 21, 1994, the plaintiff's response to the defendant's request for admissions, and various materials disclosed by the plaintiff in response to discovery requests. On February 22, 1996, the plaintiff filed a memorandum in opposition to the motion for summary judgment and supporting documents. The plaintiff attached to his opposition memorandum his affidavit, an affidavit of Salvator Fermo, the roofing foreman for the project, a transcript of the testimony of the plaintiff presented in the November 21, 1994 hearing and the testimony of the defendant presented in support of a prejudgment remedy in a March 6, 1995 hearing.[2]
"Summary judgment `shall be rendered forthwith if the CT Page 4255-HHHH pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995), quoting Practice Book § 384. A motion for summary judgment "should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172 (1987), citing Practice Book § 380. "In passing on a motion for summary judgment, the trial court [is] limited to deciding whether an issue of fact exist[s], but it [cannot] try that issue if it [does] exist." Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
The defendant claims that there is no genuine issue of material fact as to its special defense. He argues that the plaintiff's failure to comply with § 20-429 is fatal to the cause of action.
General Statutes § 20-429(a) provides that "[n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) [i]s in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor, except that the commissioner may, by regulation, dispense with the necessity for complying with the requirement that each change in a home improvement contract shall be in writing and signed by the owner and contractor."
The defendant asserts that the alleged contract was not in writing, that the writings that did exist were not signed, that the writings did not constitute the entire agreement, the writings did not contain the date of the transaction or the starting and completing dates of the project, that the name of the contractor was missing from the writings, that the writings did not provide notice of the owner's cancellation rights, that the changes in the contract also were not in writing, and that the contractor is not registered as a contractor in Connecticut. CT Page 4255-IIII
The plaintiff alleges that the various documents exchanged between him and the defendant constitute the writing sufficient to form a contract. He claims that he does not have a copy of the original contract, but contends that the defendant withheld the document from him. He also claims that the original contract was modified numerous times during the course of the project. The court need not determine whether the plaintiff complied with the requirements of § 20-429(a) because the issue of bad faith is dispositive as to the motion.
The alleged failure to comply with the requirements of § 20-429
is not fatal to a cause of action where there is bad faith on the part of the defendant. "[P]roof of bad faith on the part of the homeowner is an exception to what might otherwise be a harsh lesson to the home improvement contractor unable to recover due to a violation of the act. The central element giving rise to this exception is the recognition that to allow the homeowner who acted in bad faith to repudiate the contract and hide behind the act would be to allow him to benefit from his own wrong, and indeed encourage him to act thusly. Proof of bad faith therefore serves to preclude the homeowner from hiding behind the protection of the act." Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992).
The plaintiff alleges that the defendant acted in bad faith in its contractual dealings with the plaintiff. He claims in his affidavit that the defendant retained the original contract documents despite numerous requests by the plaintiff for their return. (Plaintiff's Affidavit, ¶ 31.) The plaintiff further asserts that the defendant, despite observing the day-to-day progress on the project, never objected to the materials used or the manner in which the project was being completed. (Plaintiff's Affidavit, ¶¶ 37-41.) The plaintiff describes other acts of bad faith where the defendant hindered the plaintiff's performance on the contract. (Plaintiff's Affidavit, ¶¶ 42-46.)
The defendant claims that the plaintiff's bad faith argument fails because there were no allegations made of bad faith in entering into the contract, and that only claims of bad faith in the inducement or entering into the contract will preclude the homeowner from the protection of the Home Improvement Act. As the basis for this claim, the defendant cites a portion of the plaintiff's testimony at the November 21, 1994 hearing where he stated that besides not paying the bill, the defendant exhibited other acts of bad faith "after the work was done." (Defendant's CT Page 4255-JJJJ Affidavit, Exhibit E, p. 28.)
In support of this claim, the defendant cites Dinnis v.Roberts, 35 Conn. App. 253, 259, 644 A.2d 971, cert. denied,231 Conn. 924, 648 A.2d 162 (1994), where the appellate court stated that it refused to extend the bad faith exception to "unwarranted repudiation" of the agreement despite the plaintiff's arguments that "the bad faith exception to the enforcement of the act is not limited to instances of bad faith relating to the formation of, or inducement to enter into, a home improvement contract."
The appellate court explicitly limits this language in Dinnisv. Roberts to the facts of the case stating: "[w]e decline to [find bad faith] under the facts of this case. Id. In Dinnis v.Roberts, the plaintiff "simply refer[ed] to the allegations of the complaint and [failed] to submit supporting documents that tended to show bad faith on the part of the defendant." Id, 260-61. Moreover, the Dinnis v. Roberts decision is cited recently by the appellate court for the proposition that "[h]omeowners may not, however, . . . repudiate any contract that fails to meet [Home Improvement Act's] criteria." Fruin v. Colonnade One at OldGreenwich Ltd. Partnership, 38 Conn. App. 420, 430-31,662 A.2d 127, cert. granted, 235 Conn. 916, ___ A.2d ___ (1995). The appellate court in Fruin v. Colonnade One at Old Greenwich Ltd.Partnership does not limit the bad faith exception to acts of bad faith "relating to the formation of, or inducement to enter into, a home improvement contract." Id.
The general principal of the bad faith exception would not support a limitation on its application. "The general principle behind the bad faith exception in the [Home Improvement Act] cases is that an individual should not profit from his own neglect to fulfill a contractual obligation that is completely unrelated to any violation of the statute . . . To deny the contractor any opportunity of recovery after he has completed his end of the bargain if he has persuaded the trier of fact that a statutory remedy is being invoked by a homeowner in bad faith would be to countenance a gross injustice and indeed encourage its perpetuation and to assure its success." (Internal quotation marks omitted.)Fruin v. Colonnade One at Old Greenwich Ltd. Partnership, supra, 431, quoting Habetz v. Condon, supra, 224 Conn. 239-40.
A genuine issue of material fact exists as to whether the defendant acted in bad faith. The alleged non-compliance with the requirements of § 20-429(a) would not be fatal if bad faith on the CT Page 4255-KKKK part of the defendant is demonstrated. Accordingly, the defendant's motion for summary judgment is denied.
LAWRENCE L. HAUSER, JUDGE