[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above two captioned matters are both applications pursuant to General Statutes § 49-51 to discharge mechanic's liens. The applicants in both cases are Michael A. Fromm and David Gonzales, co-owners of 61 Pembroke Drive, Stamford. The lienors are FAS Designer Builders, Inc. (FAS), in the first case, and Giorgio Papallo, d/b/a Ariola Construction Company, in the second case. Both lienors performed renovations at the applicants' personal residence in the summer of 1996.
It was stipulated and agreed between the parties that for the purpose of the hearing on the applications to discharge, the liens were filed in a timely manner and in accordance with the requirements of the mechanic's lien statute. General Statutes § 49-33. In addition, the monetary amounts of the two liens and the quality of the work performed by the two lienors are not contested in these applications. The only issue in each case is whether the liens are valid in the light of the requirements of General Statutes § 20-418 et seq., the Home Improvement Act (HIA).
The hearing disclosed that, as to the first case, the lienor, FAS, does not have a written contract with the owners that complies with the HIA,[1] and, secondly, FAS is not a registered or licensed home improvement contractor. FAS advances two separate theories to support the validity of its lien. The first is that the owners, specifically, Fromm, were acting in the capacity of a general contractor since Fromm is an architect and experienced in the construction field. FAS claims that because Fromm was the general contractor, it was acting in the capacity of a subcontractor for Fromm, and that the HIA is not applicable to, subcontractors. The lienor also claims that Fromm acted in bad faith, which is an exception to the HIA.
The evidence disclosed that in his application for a building permit, in addition to describing himself as the owner, Fromm also stated that he was the general contractor. Fromm also hired the various artisans to work on his home, including engineering, plumbing, electricity, the mason, HVAC, painting and others, and supervised their work. However, simply because a homeowner is knowledgeable about construction and acts in many ways as a contractor, his status as an owner is not changed. Obviously, the CT Page 3797 building expertise of homeowners varies widely, from an expert such as Fromm to a person who does not know a 2 x 4 from home plate. The courts should not be obliged to draw a line and rule that some homeowners are really contractors and hence the HIA is not applicable to them, but that the Act applies to certain other homeowners. The HIA itself makes no such distinction; see General Statutes § 20-419 (6); and FAS has not advanced any cogent reason why this court should attempt to draw such a line.
In terms of the bad faith exception to the HIA, it requires a plaintiff such as FAS to demonstrate that the "invocation of the HIA as a basis for [a] repudiation of the contract was in bad faith." Rizzo Pool Co. v. DelGrosso, 232 Conn. 666, 680,657 A.2d 1087 (1995). The alleged bad faith on the part of Fromm that is asserted in this case is that he wrongfully terminated FAS from the job and never paid FAS in full.
The bad faith exception, however, is limited to instances "relating to the formation of, or inducement to, enter into a home improvement contract." Dinnis v. Roberts. 35 Conn. App. 253,257, 644 A.2d 971 (1994). Thus, the lienor's claim of a bad faith exception to HIA is rejected because of the lack of proof that the agreement between the lienor and the applicants was the result of fraud.
The lienor, FAS, has failed to establish "probable cause" to sustain the validity of its lien and said lien should be vacated. General Statutes § 49-35b (a).
As to the case involving Papallo, it is clear that he is a subcontractor who had a written contract with FAS, dated April 24, 1996. His subcontractor's lien was filed in accordance with General Statutes § 49-33 (e) and (f). The lien that he filed certifies that "in accordance with a certain contract between me, the said Giorgio Papallo, D.B.A. Ariola Construction Company, and Frank Scaturchio [the principal of FAS], the prime contractor . . ." The parties agree that Papallo was a subcontractor for FAS, but the applicants claim that since the contract between them and FAS fails to comply with the HIA, Papallo also has no claim against them. The applicants did not cite a case to this effect.
The only reference to subcontractors and the HIA in prior caselaw is a 1990 Superior Court case, Cavanaugh v. Tripodi,
Superior Court, judicial district of Waterbury, Docket No. 093348 CT Page 3798 (October 3, 1990) (Byrne, J.), which also involved a suit by a subcontractor against a homeowner. "In order for the Home Improvement Act to apply, there must be a contract between the parties. Obviously in this particular situation, there was no contract of any type between the parties [subcontractor and homeowner] and therefore, the Home Improvement Act does not apply." The court agrees with this holding and therefore Papallo's subcontractor's lien is not affected.
The applicants also claim that since the lien is in the name of Papallo, doing business as Ariola Construction Company, whereas the April 24, 1996 contract is between FAS and the corporation, Ariola Construction Company, the lien is void. The applicants have not cited any case that causes this lien to be rendered void for that reason.
The exact amount of a subcontractor's lien depends, of course, on what the homeowner has paid the general contractor. General Statutes § 49-36 (a). For purposes of this hearing, however, it was agreed by the parties that only the validity of the lien, not the amount, was to be decided.
Since the HIA has been held not to apply to subcontractors who do not have a contract with the owners, as in the present case, Papallo has demonstrated probable cause that his lien is valid. The applicants did not thereafter prove by clear and convincing evidence that the lien should be vacated. General Statutes § 49-35b.
For the reasons stated above, the lien of FAS is declared invalid and therefore must be discharged of record.
LEWIS, J.