[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#115)
The plaintiff, a licensed builder in the State of Connecticut, was hired by the defendant to render professional services at 19 Bonnieview Drive, Trumbull, Connecticut.[1] The plaintiff alleges that he provided such services from September 9, 1999 to November 4, 1999, and that the value of these services was $8155. The plaintiff concedes that he has received partial payment from the defendant, but alleges a balance due of $3085. The plaintiff alleges that the defendant breached the parties' agreement and has been unjustly enriched by his work.
The defendant filed his answer, special defenses and counterclaim on November 29, 2000. The defendant's special defenses sound in breach of contract and violation of the Connecticut Unfair Trade Practices Act (CUTPA) General Statutes § 42-110 et seq.. The two count counterclaim sounds in breach of contract (count one) as well as a violation of the Home Improvement Act (HIA), General Statutes § 20-419 et seq., and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq. (count two).
The defendant files this motion for summary judgment on the plaintiffs complaint and on the second count of the counterclaim. The defendant contends that the agreement between the parties did not comply with the Home Improvement Act and thus, the plaintiff is barred from making his claims, and therefore, the defendant is entitled to judgment as a matter CT Page 6315 of law. The plaintiff objects on the basis of the bad faith exception to the Home Improvement Act.
The parties agree that the agreement does not comply with the provisions of the Home Improvement Act and that there is a bad faith exception to the Home Improvement Act, but disagree as to whether it applies in this case. Under the provisions of the HIA, a homeowner is entitled to repudiate a home improvement contract if it does not meet statutory requirements. General Statutes § 20-429. However, if the homeowner does so in "bad faith", the contractor may bring a suit to recover his damages. Habetz v. Condon, 224 Conn. 231, 236-240, 618 A.2d 501
(1992).
In order to rely on the bad faith exception, the plaintiff is required "to establish that the defendant's invocation of the HIA as a basis for [his] repudiation of the contract was in bad faith." Rizzo Pool Co. v.Del Grosso, 232 Conn. 666, 680, 657 A.2d 1087 (1995). In the context of this exception, bad faith is defined as "involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . [B]ad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted, internal quotation marks omitted.) Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 248,618 A.2d 506 (1992).
In the complaint, the plaintiff alleges that although the plaintiff represented himself as the owner of the premises, he was not the record owner of the property and was acting as an agent of an undisclosed principle,[2] and that the defendant has refused to pay the balance due to the plaintiff. None of these allegations rise above the level of mere negligence, nor do they demonstrate that the defendant had a dishonest purpose. Further, the plaintiff fails to allege any "sinister motive" on the part of the defendant.
In support of the motion for summary judgment, the defendant submitted three affidavits, two from himself and one from his wife. In one of his affidavits, the defendant attests that he did not become aware of the provisions of the HIA until he consulted with an attorney in March, 2000. The defendant's wife avers that she has no knowledge of the HIA. The defendant and his wife also attest that the plaintiff only presented three contract proposals to them and that these proposals were presented prior to the time that the plaintiff alleges he completed his work at the property.
The only evidence the plaintiff presented in opposition to the motion CT Page 6316 does not dispute the defendant's evidence. In his affidavit, the plaintiff merely reiterates the allegations in the complaint, and also states that the defendant complimented him on his work, and hired him to do additional work on the premises. As noted by the Appellate Court in commenting on lack of evidence of bad faith, "the plaintiff did not allege that the defendants knew of the violation earlier, or that they purposely drafted the contract in violation of the act in order later to avoid their obligation to pay. On the contrary, the plaintiff did not even challenge the defendants' statements in their affidavits that they had been unaware of the act prior to the commencement of this lawsuit."Dinnis v. Roberts, 35 Conn. App. 253, 258, 644 A.2d 971, cert. denied,231 Conn. 924, 648 A.2d 162 (1994). "[S]imply referring to the allegations of the complaint and . . . failing to support documents that tended to show bad faith on the part of the defendant, the plaintiffs failed to establish a factual basis to raise a genuine issue of material fact as to the defendant's bad faith." Id., 260.
While the plaintiff asserts bad faith, he has not set forth a factual basis to establish that claim. The defendant has shown that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Therefore, the defendant's Motion for Summary Judgment on the plaintiffs complaint is granted.
 CUTPA
The defendant asserts that he is entitled to summary judgment on the second count of the counterclaim because there is no genuine issue of material fact that the plaintiff violated the HIA and CUTPA. The plaintiff fails to address this issue in his objection to the motion.
"Section 20-429 (a) provides in relevant part that `[n]o home improvement contract shall be valid or enforceable against [a homeowner] unless it: (1) [i]s in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains notice of the owner's cancellation rights in accordance with the provisions of [the HSSA] [Home Solicitation Sales Act], (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or contractor. . . ." Wright Brothers Building, Inc. v. Dowling,247 Conn. 218, 227, 720 A.2d 235 (1998). "[T]he requirements of that section are mandatory and . . . a contractor is precluded from enforcing a home improvement contract that does not satisfy its requirements." Id., 228.[3]
Each party submits a copy of a different proposal which they contend CT Page 6317 the plaintiff drafted and outlined the agreements between the parties. The agreements are in writing and signed by the plaintiff, a registered contractor. One agreement is signed by the defendant and the other is signed by the defendant's wife. However, the agreements do not contain starting or completion dates or a notice of cancellation. Moreover, both parties contend that it does not memorialize the entire agreement between them.[4] Therefore, if the proposals are the home improvement contract between the parties, they are indeed, in violation of the HIA, and the plaintiff is precluded from enforcing their terms.
The defendant's CUTPA claim is based on the plaintiffs violation of the HIA. "[F]ailure to comply with the HIA is a per se violation of CUTPA by virtue of General Statutes § 20-427 (b) [now § 20-427 (c)], which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice." (Internal quotation marks omitted.)Woronecki v. Trappe, 228 Conn. 574, 579, 637 A.2d 783 (1994). If "the trial court [finds] that the plaintiffs actions had violated the HIA, it [is] thus bound to render judgment for the defendant with respect to the CUTPA count of [the] counterclaim." Id.
However, "[a] party seeking to recover damages under CUTPA must meet two threshold requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, he present evidence providing the court with a reasonable estimate of the damages suffered." (Citations omitted.) A. Secondino Son, Inc. v.LoRicco, 215 Conn. 336, 343, 576 A.2d 464 (1990). The defendant has met the first requirement, and has alleged that he has suffered an ascertainable loss. He has not, however, presented any estimate of the amount of his damages. Therefore, the court cannot make a determination on this issue. Therefore, the summary judgment on the counterclaim is granted as to liability only. See Fern v. Smith, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 97 0158979 (July 8, 1998, Rodriguez, J.).
The harshness of the application of the law has been noted by our Supreme Court. It is true that "some inexperienced contractors may encounter homeowners who use § 20-429 as a sword rather than a shield." Barrett Builders v. Miller, 215 Conn. 316, 328, 576 A.2d 455
(1990). "We recognize that our decision may lead to a harsh result where a contractor in good faith but in ignorance of the law performs valuable home improvements without complying with § 20-429. We are unpersuaded that this deficiency in the statute is within our power to remedy. Clearly, the legislature is entitled, in the first instance, to impose the burden of compliance with the statute on the professional, the contractor, rather than on the nonprofessional, the consumer. Viewing the continued incidence of complaints about home improvement contractors, the CT Page 6318 legislature could legitimately view as more urgent the need to protect consumers from unscrupulous contracts than the need to protect innocent contractors from manipulative consumers." Barrett Builders v. Miller, supra., 215 Conn. 326-27. Because the contractor bears the burden of ensuring that the agreement between the parties meets the requirements of the HIA, and has not done so here, he must now suffer the consequences. It is submitted that the defendant has shown that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law on the both the plaintiffs claim and the counterclaim.
Accordingly, judgment is entered for the defendant on the complaint and on the second count of the counterclaim for liability only.
RUSH, J.