[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks to foreclose a mechanic's lien arising out of the alleged failure of the defendant to pay the balance due on a home improvement contract. Among the special defenses the defendant alleged is failure of the home improvement contract to comply with the Home Improvement Act (Section 20-429). The plaintiff replied by alleging that the defendant acted in bad faith thereby nullifying his failure to comply with the that act.
The facts are as follows:
The defendant's house at 42 Beacon Hill Road, East Hartford, Connecticut was damaged by a fire in 1999, requiring extensive reconstruction and renovation. The defendant sought out the plaintiff to do the work. The parties entered into an agreement on June 2, 1991 on a form provided by the plaintiff. The agreement, provided for the furnishing of materials and performing of the work necessary for "a complete model of rebuilding" at a price of $114,025.00, payable in four installments. The contract apparently was not sufficient for the defendant to be paid by his insurance company. Consequently, a second contract was entered into between the parties on August 6, 1999, again on plaintiff's form. It provided for "the complete model of a second floor addition according with plans drawings by an architect." The price in this contract was $45,000.00. The plaintiff testified that this second contract was in addition to the work to be done on the first contract because it included a new second floor and garage. The defendant testified that the second contract was inclusive of the work to be done on the first contract.
Neither contract complied with the Home Improvement Act, General Statutes Section 20-429 (a), in that the contracts did not contain a starting date or completion date, did not contain a notice of the owner's cancellation rights, and did not contain a complete description of the work to be performed under the contract. CT Page 15948
The plaintiff commenced the job of renovation and the defendant from time to time made payments to him. Also, when the plaintiff was unable to pay a subcontractor, the defendant paid the subcontractor directly. The plaintiff stopped working on the job in November 1999 at which time the defendant had paid to the plaintiff $80,788.00. Subsequently the defendant paid for the completion of the job to various subcontractors in the amount of $16,000.00.
If the plaintiff is entitled to payment on both contracts, totaling $159,025.00, he claims he is owed $62,235.45. If both contracts relate to the same amount of work and total $114,025.00, the plaintiff claims he is owed $17,236.42. The court does not have to resolve this issue because it concludes the Home Improvement Act bars plaintiff's recovery.
 Connecticut General Statutes § 20-429 (a) provides:
 "No home improvement contract shall be valid or enforceable against an owner unless it; . . . (3) contains the entire agreement between the owner and the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of Chapter 740, (7) contains a starting and completion date . . ."
The purpose of the act is "to promote understanding by the consumer, to ensure his ability to make an informed decision and to protect him from substantial work by an unscrupulous contractor. Habetz v. Condon,224 Conn. 231, 239 (1992).
The contracts between the plaintiff and defendant in this case lack a notice of cancellation, starting and completion dates, and, because it is so vague as to the details of the work to be done, the entire agreement between the owner and contractor.
The requirements of the Home Improvement Act are mandatory and must be strictly construed. Rizzo Pool Co. v. DelGrosso, 232 Conn. 666, 680
(1995). Failure to comply with the requirements of the act renders the contract unenforceable. Rizzo Pool Co. v. DelGrosso, supra, 680, BarrettBuilders v. Miller, 215 Conn. 316, 321-22 (1990); Caulkin v. Petrillo,200 Conn. 713, 717-18 (1986). Those cases do not require "letter perfect" or "technically perfect compliance" with each subdivision of the act.Wright Bros. Builders, Inc. v. Dowling, 247 Conn. 218, 231 (1998). But in the case before the court we are dealing with substantial noncompliance CT Page 15949 which renders the contract unenforceable.
However, the contractor, otherwise precluded from recovering monies owed for his work because of a violation of the act, can prevail if he can show that the homeowner acted in bad faith. Rizzo Pool Co. v.DelGrosso, supra 680, Habetz v. Condon, supra 238. In Habetz v. Condon, supra, 237 the court defined bad faith as follows:
 "Bad faith in general implies both "actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfil some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive' Black's Law Dictionary (5th Ed. 1979). Bad faith means more than mere negligence; it involves a dishonest purpose."
In Dinnis v. Roberts, 35 Conn. App. 253, 259 (1994), the court limited bad faith as to "the formation of, or inducement to, enter into the home improvement contract." In the case before this court there is no evidence of that kind of bad faith. The plaintiff himself proposed the contract which was on his company's form. Although the defendant wrote down the words on the contract form, they were those of the plaintiff. In fact, the evidence is clear that the plaintiff would not have wanted a contract at all if it were not for the defendant's insistence on one in order to satisfy his insurance company. Thus, the plaintiff, if he had had his way, would have violated every single subdivision of Section 20-429 (a). The evidence is also clear that the defendant knew nothing about the Home Improvement Act at that time, as apparently the plaintiff did not either, so the defendant in no way induced the contract to be entered into in bad faith.
If bad faith is meant to relate to the homeowner invoking the Home Improvement Act as a dishonest basis for repudiating the contract and barring the contractor's recovery, then again there is no evidence to establish that kind of bad faith. The defendant here stopped paying on the contract because the plaintiff was not completing the work or had been doing it in an unworkmanlike manner. He was not aware of the defense of the Home Improvement Act until he went to his lawyer after he had been sued by the plaintiff. Our courts are clear that it is not bad faith to invoke the act at the time that the homeowner has been sued. As stated inWadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 249 (1992):
 "There is nothing dishonest or sinister about homeowners proceeding on the assumption that there is CT Page 15950 a valid contract, enforcing its provisions, and later, in defense to a suit by the contractor, upon learning that the contract is invalid, then exercising their right to repudiate it."
The court concludes that the contract is unenforceable because it clearly violates the Home Improvement Act, and the plaintiff has failed to prove his special defense of the defendant's bad faith. As a consequence, judgment may enter in favor of the defendant.
 ___________________ Robert Satter Judge Trial Referee
CT Page 15951